PAETZ, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 12—June 21, 1906.*

*Intoxicating liquors: Sale without license: Punishment on second conviction: Pleading: Evidence: Statute construed: "During any year."*

1. Under a complaint charging sale of liquor without a license, but not alleging a former conviction, evidence was not admissible to show such a conviction for the purpose of subjecting the accused to the heavier punishment imposed by statute in case of a second conviction during any year.

2. The admission of such evidence, when offered by the state in making its case, cannot be justified on the ground that it

Paetz v. State, 129 Wis. 174.

tended to affect the credibility of the accused as a witness, he
then not having testified; and his subsequent testimony, on
cross-examination, as to such former conviction did not cure or
waive the error.

3. The words "during any year" in sec. 1550, Stats. 1898 (providing
for the punishment in case of a second conviction of the same
person during any year), mean during the ensuing period of
365 days after the date of the first conviction.

ERROR to review a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

On the 26th day of January, 1904, the plaintiff in error
was convicted in the circuit court for Dane county of the of-
fense of selling intoxicating liquor in violation of sec. 1550,
Stats. 1898, and was sentenced to three months' imprisonment
in the county jail and to pay a fine of $50 and costs. The
complaint set out three causes of action and charged the
plaintiff in error in each with selling intoxicating liquor at
various times between the 20th day of July and the 25th day
of August, 1903, without having first obtained a license. The
complaint makes no reference to any former conviction. A
stay of execution of sentence was granted and the record re-
moved to this court by writ of error.

*John A. Aylward,* for the plaintiff in error, contended,
*inter alia,* that this was not a second conviction "during any
year." The word "year" means a calendar year unless other-
wise expressed. Sec. 4971, Stats. 1898. A calendar year is
the period commencing January 1 and ending December 31.
*David v. Hardin Co.* 104 Iowa, 204, 73 N. W. 576; *Atlanta
& C. A. L. R. Co. v. Ray,* 70 Ga. 674, 676; *Garfield v. Hub-
bell,* 9 Kan. App. 785, 59 Pac. 600; *Brown v. Anderson,* 77
Cal. 236, 19 Pac. 487; *Disbrow v. Saunders,* 1 Denio, 149;
*Glasgow v. Rowse,* 43 Mo. 479; *Garfield v. Samuel Dods-
worth B. Co.* 9 Kan. App. 752, 58 Pac. 565; *State ex rel.
Buchanan v. State Treasurer,* 68 S. C. 411, 47 S. E. 683.
If the term is to be otherwise construed because of the sub-
ject to which the statute relates, it must refer to the license

year, beginning on the second Tuesday in July. Sec. 1549, Stats. 1898. On either theory the second conviction was not in the same year as the first. The rule of construction under which "year" may be held to mean license year was applied in *State ex rel. Buchanan v. State Treasurer,* 68 S. C. 411, 47 S. E. 683; *Glasgow v. Rowse,* 43 Mo. 479, 487; *Disbrow v. Saunders,* 1 Denio, 149; *Thornton v. Boyd,* 25 Miss. 598; *Williams v. Bagnelle,* 138 Cal. 699, 72 Pac. 408, 410; *U. S. v. Dickson,* 15 Pet. 141, 159.

For the defendant in error there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and *F. L. Gilbert,* district attorney, of counsel, and oral argument by *Mr. Titus.* As to the meaning of the words "during any year," they cited *U. S. v. Dickson,* 15 Pet. 141; *Bast v. Byrne,* 51 Wis. 531; *Disbrow v. Saunders,* 1 Denio, 149; *Thornton v. Boyd,* 25 Miss. 598, 604; *Williams v. Bagnelle,* 138 Cal. 699; *Brown v. Anderson,* 77 Cal. 236; *Knode v. Baldridge,* 73 Ind. 54; *Paris v. Hiram,* 12 Mass. 262; *Ward v. Sweeney,* 106 Wis. 44; *Glasgow v. Rowse,* 43 Mo. 479; *Meade Co. Bank v. Reeves,* 13 S. Dak. 193.

KERWIN, J. 1. Error is assigned because the court admitted evidence of a former conviction, the same not having been pleaded. The question arising under this assignment of error is whether upon a complaint charging sale of intoxicating liquor without having first obtained a license, in the absence of an allegation in the complaint of a former conviction, evidence on the part of the state was admissible to prove such former conviction for the purpose of subjecting the accused to the higher grade of punishment imposed by the statute. The statute under which plaintiff in error was convicted (sec. 1550, Stats. 1898) provides for a fine of not less than $50 nor more than $100 and costs, or, in lieu of such fine, imprisonment in the county jail not to exceed six months nor less than three months; and further provides: "In case of a

second or any subsequent conviction of the same person during any year the punishment shall be by both such fine and imprisonment." The case was tried upon the theory that the complaint was sufficient to warrant conviction and sentence for a second offense, under which evidence was admitted over objection of a former conviction.

The plaintiff in error was found guilty and sentenced to punishment as for a second offense. The complaint was clearly insufficient to warrant proof or conviction of a second offense. As has been seen, a conviction for a second offense subjected the plaintiff in error to a more severe punishment than conviction for a first offense. It is contended on the part of the state that the proof of former conviction did not go to the question of guilt or innocence of the plaintiff in error, but only to the severity of the punishment; hence that there was no necessity for any allegation of former conviction in the complaint. But the accused was entitled to be informed of the nature of the charge against him, and, since a greater punishment is imposed upon a second conviction, prior conviction was an essential element of the offense in a prosecution for a second offense. The complaint, therefore, was insufficient to admit proof of former conviction. This doctrine appears to be so well established that we deem discussion of it wholly unnecessary. The following are some of the many authorities in support of the doctrine that, where the statute provides a heavier penalty for the second offense, the first must be alleged in the indictment and proved upon the trial in order to warrant conviction and punishment for a second offense: Wharton, Crim. Pl. & Pr. (9th ed.) § 934; 1 Bishop, New Crim. Proc. §§ 77, 101; Bishop, Stat. Crimes (3d ed.) § 981; Clark, Crim. Proc. § 84; 12 Cyc. 950; Hochheimer, Crim. Law (2d ed.) § 104; *Johnson v. People,* 55 N. Y. 512; *People v. Sickles,* 156 N. Y. 541, 51 N. E. 288; *Hines v. State,* 26 Ga. 614; *Evans v. State,* 150 Ind. 651, 50 N. E. 820; *Comm. v. Harrington,* 130 Mass. 35; *Fossdahl*

*v. State,* 89 Wis. 482, 62 N. W. 185. It is very clear from the foregoing authorities that under the complaint the plaintiff in error could not be convicted and punished as for a second offense; therefore, regardless of the question of whether the evidence was competent for any purpose, the judgment must be reversed, and the question arises whether upon the record the plaintiff in error should have been punished as for a first offense. The admission of evidence of former conviction is attempted to be justified by counsel for the state on the theory that it was offered for the purpose of showing a prior conviction only, and not on the question of guilt or innocence of the plaintiff in error of the offense charged, and further that it was admissible as tending to affect the credibility of the accused as a witness. But the difficulty with this contention is that the state proved, over objection, the former conviction in making its case, and the testimony at that stage of the proceeding was clearly inadmissible under the complaint for any purpose, hence was reversible error. *Paulson v. State,* 118 Wis. 89, 94 N. W. 771.

It appears from the record that the plaintiff in error on cross-examination, over objection, testified to the former conviction; but upon the whole record we are satisfied that this was not sufficient to cure or waive the error committed by proof on the part of the state of such conviction in making out its case. The plaintiff in error was not obliged to go upon the stand in his own defense, and he may have been forced to do so in consequence of the improper testimony admitted on the part of the state. It cannot be said that he was not prejudiced by the admission of such highly prejudicial evidence on the part of the state from the fact that testimony of former conviction was drawn out upon cross-examination. *Paulson v. State, supra.*

2. Error is assigned because the plaintiff in error was sentenced for a second offense, on the ground that the proof does not show a prior conviction within the time contemplated by

the statute. The statute provides that "in case of a second or any subsequent conviction of the same person during any year the punishment shall be by both fine and imprisonment." Stats. 1898, sec. 1550. The evidence tends to prove that the plaintiff in error was convicted on July 3, 1903, and the record shows that he was convicted of a second offense January 26, 1904, and it is insisted by counsel for plaintiff in error that the second offense was not within the time contemplated by the statute. Counsel contends that the words of the statute "during any year" mean a calendar year, and, therefore, the conviction not being within the same calendar year, there was no second conviction within the meaning of the statute. The argument of counsel upon this assignment of error is able and ingenious, but we cannot adopt his conclusions. We are of opinion that the year contemplated by the statute is a period of 365 days, and that a second conviction within that period is within the statute. If the contention of counsel be correct, a person convicted of a first offense the latter part of December one year and of a second the fore part of January the following year could not be punished upon a second conviction as for a second offense within this statute. We do not think such is a proper construction of the statute. We think that the words "during any year" mean the ensuing year from the date of the first conviction. *U. S. v. Dickson,* 15 Pet. 141; *State v. Adams,* 64 N. H. 440, 13 Atl. 785.

Other errors assigned need not be considered, since the questions presented under them are not likely to arise upon another trial.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.