STATE of Wisconsin, Plaintiff-Appellant,

v.

Matthew C. PARMLEY, Defendant-Respondent.†

Court of Appeals

*No. 2009AP1210–CR. Submitted on briefs January 14, 2010.
—Decided May 26, 2010.*

2010 WI App 79

(Also reported in 785 N.W.2d 655.)

† Petition for Review denied w/o costs 9/13/10. Abrahamson, C.J. and Bradley, J. dissent.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Rebecca Rapp St. John*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Christopher M. Eippert* of *Holden & Hahn, S.C.*, Sheboygan.

Before Brown, C.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. The State appeals from the circuit court's order exempting Matthew C. Parmley from registering as a sex offender. The court compared Parmley's age of eighteen with the victim's age of fourteen and concluded that he was not more than four years older than the victim and excused Parmley from registering as a sex offender. We conclude the court erred because the disparity in ages is a measurement of time and not of age; the court should have calculated the time between the two birthdays and held that Parmley was more than four years older than the victim. Therefore, we reverse.

¶ 2. The State charged Parmley, birth date January 18, 1986, with one count of second-degree sexual assault of a child, birth date June 9, 1990, for a single act of sexual intercourse on September 26, 2004. He subsequently entered a no contest plea to the felony charge of second-degree sexual assault of a child. The court imposed and stayed a sentence and placed Parmley on probation for five years. The court also ordered Parmley to register as a sex offender.

772

¶ 3. Approximately three weeks later, Parmley filed a request to be exempted from the requirement to register as a sex offender, contending that he met the exception under Wis. Stat. § 301.45(1m) (2003–04).[1] The circuit court denied his request, reasoning that the request was too close to the sentencing, there was still a risk that Parmley could reoffend, and the circuit court was concerned about the difference in age between Parmley and the victim. The circuit court did suggest there might come a time, when Parmley is out of adolescence, when there would not be a risk to the public, leaving open the door that Parmley could reapply for exemption from the registration requirement.

¶ 4. Parmley walked through that open door when three and one-half years later he filed a pro se request seeking an early discharge from probation and exemption from the sex offender registration requirements. Parmley informed the court that he had completed seventy percent of his probation term without any significant violations and provided examples of how he had turned his life around. Parmley's probation agent approved of his early discharge from probation.

¶ 5. At the motion hearing, the State had no objection to Parmley's early discharge from probation. However, the State argued that under Wis. Stat. § 301.45(1m) an exemption from the registration requirement can only be granted if there is "less than a four-year difference in age, and that is certainly not the case in what occurred here." Further, the State pointed out that in a psychosexual evaluation performed at the time of sentencing, the examiner "gave some significant concerns that this type of behavior itself may occur if

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

there is not continued treatment." The State suggested that under § 301.45, the court should order another psychosexual examination "to provide further information that the concerns that were initially involved in this case and that the initial report gave have changed. And without that information, and seeing that it is not statutorily eligible, [the State] would object to that second request."

¶ 6. Without addressing the State's apprehension about the possibility of Parmley reoffending, the circuit court granted Parmley's request to be exempted from registering as a sex offender. The court noted that at the time of the offense Parmley was eighteen years old and the victim was fourteen years old and, "taking the statute at its face, there is a four-year difference, not more than a four-year difference." The State appeals.[2]

¶ 7. On appeal, the State argues that the clear language of WIS. STAT. §§ 301.45 and 990.01(49) only exempts an individual from registering as a sex offender if the individual is four or less calendar years younger than the victim. This issue presents a question of statutory interpretation. The interpretation of a statute is a question of law which this court reviews de novo. *State v. Hughes*, 218 Wis. 2d 538, 543, 582 N.W.2d 49 (Ct. App. 1998). When we interpret a statute, our goal is to ascertain the intent of the legislature and give effect to the intent of the legislature. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177 (Ct. App. 1992). We first look to the language of the statute itself. *Anderson v. City of Milwau-*

---

[2] The State is appealing as a matter of right under WIS. STAT. § 974.05(1)(a). The State may appeal from any "[f]inal order or judgment adverse to the state . . . if the appeal would not be prohibited by constitutional protections against double jeopardy." *Id.*

*kee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563 (1997). If the language of the statute is unambiguous in its meaning, we go no further. We also apply "[a] cardinal rule of statutory interpretation that statutes must be construed so as to avoid absurd results." *Wisconsin Citizens v. DNR*, 2004 WI 40, ¶ 35, 270 Wis. 2d 318, 677 N.W.2d 612.

¶ 8. The statutes at play, WIS. STAT. §§ 301.45 and 990.01(49) provide, in relevant parts:

**301.45 Sex offender registration.**

. . . .

**(1m)** EXCEPTION TO REGISTRATION REQUIREMENT; UNDERAGE SEXUAL ACTIVITY. (a) A person is not required to comply with the reporting requirements under this section if all of the following apply:

1. The person meets the criteria under sub. (1g)(a) to (dd) based on any violation, or on the solicitation, conspiracy or attempt to commit any violation, of s. 948.02(1) or (2), 948.025, or 948.085(2).

1g. The violation, or the solicitation, conspiracy or attempt to commit the violation, of s. 948.02(1) or (2), 948.025, or 948.085(2) did not involve sexual intercourse, as defined in s. 948.01(6), either by the use or threat of force or violence or with a victim under the age of 12 years.

2. At the time of the violation, or of the solicitation, conspiracy or attempt to commit the violation, of s. 948.02(1) or (2), 948.025, or 948.085(2), *the person had not attained the age of 19 years and was not more than 4 years older or not more than 4 years younger than the child.*

3. It is not necessary, in the interest of public protection, to require the person to comply with the reporting requirements under this section. (Emphasis added.)

775

**990.01 Construction of laws; words and phrases.**

. . . .

**(49)** YEAR. "Year" means a calendar year, unless otherwise expressed . . . .[3]

■■

¶ 9. We begin by restating the legislative intent in establishing a sex offender registry and requiring all convicted sex offenders to register. The purpose underlying the registration requirements of WIS. STAT. § 301.45 are to "assist law enforcement agencies in investigating and apprehending offenders in order to protect the health, safety, and welfare of the local community and members of the state." *State v. Bollig*, 2000 WI 6, ¶ 20, 232 Wis. 2d 561, 605 N.W.2d 199.

¶ 10. In *State v. Joseph E.G.*, 2001 WI App 29, ¶ 11, 240 Wis. 2d 481, 623 N.W.2d 137, we examined the legislative objective in carving out the exemption from registration that we are examining in this opinion:

> Interpreting WIS. STAT. § 301.45(1m) as a whole, we conclude that the legislature's purpose was to craft a narrow exception to mandatory registration for sex offenders in cases of factually consensual sexual contact between two minors who, but for the age of the younger child, would have broken no law. For example, sexual contact between an eighteen-year-old male and a fifteen-year-old female, even though factually consensual, could result in the male's conviction for second-degree sexual assault of a child because a person under the age of sixteen cannot legally consent to sexual

---

[3] We do not find WIS. STAT. § 990.01(49) to be of any help because "calendar year" has one definition: "1. Twelve calendar months beginning January 1 and ending December 31.— Also termed calendar year." BLACK'S LAW DICTIONARY 1646 (8th ed. 2004).

relations. There, the offender and the fifteen-year-old child could have been equally consenting participants, where the offender was not a predatory seeker of sexual contacts. In such a case, the circuit court has the discretion to excuse the offender from registration if it determines that factually consensual contact has occurred, the offender presents no danger to the public, and the court is satisfied that the purposes of § 301.45 are not undermined by excusing registration. However, if the court is concerned about whether the sexual contact was truly consensual or if the offender appears to be predatory in seeking out younger partners for sexual contacts, the circuit court can deny the juvenile's request to be excused from the registration requirements of WIS. STAT. §§ 938.34(15)(bm) and 301.45.

¶ 11. Our mission in this decision is to clarify how the difference in age between a sexual offender and a victim is to be calculated. The State urges us to adopt an interpretation that considers the actual ages of Parmley and his victim. The State argues that the clear language of the statutes leads to the conclusion that age difference is calculated by using Parmley's and the victim's dates of birth.

¶ 12. Parmley argues in support of the circuit court's conclusions and proposes that calculating the age difference is no more difficult than subtracting fourteen years old from eighteen years old and getting the result that Parmley and the victim are four years apart. According to Parmley, because he is *not more than four years older* than the victim, he is exempt from sex offender registration. He also maintains that the statute is unconstitutionally vague as applied to him.

¶ 13. While the method of calculating age disparity between an actor and a victim is a question of first impression in this state, it has been addressed in other jurisdictions. We find the opinion of the Supreme Court

of Connecticut in *State v. Jason B.*, 729 A.2d 760 (Conn. 1999), to be instructive. Jason B. was appealing from an adjudication that he was a youthful offender for an incident of sexual intercourse. *Id.* at 764. On the date of the incident, September 21, 1994, Jason was sixteen years of age, his birthday being May 9, 1978, and the victim was fourteen years old, her birthday being August 16, 1980. *Id.* at 765.

¶ 14. Jason was convicted under a Connecticut statute that provided in relevant part:

> A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . .

*Id.* at 764 n.1. On appeal, he claimed that at the time of the incident, he was not more than two years older than the victim within the meaning of the statute. *Id.* at 764. He also argued that the statute was unconstitutionally vague as applied to him. *Id.* at 764–65.

¶ 15. In constructing his argument, Jason relied upon common parlance, the criminal statute and the definitions of "month" and "year" in the Connecticut statutes.[4] *Id.* at 767. He argued that for the purposes of the statute, "a [sixteen year old] is always within two years of age of a [fourteen year old] . . . ." *Id.* It was his contention that "he did not violate the statute because he 'was less than two *calendar* years older [than the victim].' " *Id.*

---

[4] The court noted that the Connecticut General Statues § 1–1(i) defined "month" as a calendar month and "year" as a calendar year. *State v. Jason B.*, 729 A.2d 760, 767 (Conn. 1999).

¶ 16. The Supreme Court of Connecticut explained why it rejected Jason's argument:

> Although in other comparative contexts, for example, a comparison of the increase in population growth between two cities, the use of a calendar year may be appropriate, common sense dictates that in comparing the relative ages of individuals, the difference in their ages is determined by reference to their respective birth dates. In other words, although a person, when asked his age, often will respond with a whole number, for example, "I am forty years old," without specifying how many months have passed since his most recent birthday, it is understood that his exact age actually consists of this abbreviated whole number plus the number of months and days that have passed since the date of his last birthday. This linguistic tendency is best illustrated by the response that ordinarily would be given by one who is asked, not simply how old she is, but how much older she is than someone else. For example, if a woman who was born on January 7, 1950, was asked how much older she is than her husband, who was born on December 7, 1950, in all likelihood she would respond that she is "nearly one year older," or perhaps, "eleven months older," than her husband. She hardly would respond, as the defendant's argument suggests, that neither is "older" than the other simply because they were both born in the same calendar year. Indeed, even twins know how to respond when asked which of them is "older" than the other; they ordinarily will respond based on their birth order, even though when asked their age they ordinarily will respond with the same whole number of years.

*Id.*

¶ 17. The Connecticut court adopted the method of computing the disparity in ages urged by the State in this appeal:

[I]n determining whether the actor was "more than two years older" than the complainant, the parties' birth dates will be used to calculate the differences in their ages. Application of this basic, commonsense principle leads to the conclusion that the defendant, who was born in May, 1978, was "more than two years older" than the victim, who was born in August, 1980.

*Id.* at 768 (footnote omitted).

¶ 18. The court of appeals of North Carolina recently interpreted a statute criminalizing sexual intercourse with a "person who is 13, 14, or 15 years old *and the defendant is more than four but less than six years older than the [victim]* . . . ." *State v. Faulk*, 683 S.E.2d 265, 267 (N.C. Ct. App. 2009). The North Carolina court pointed out that the emphasized portion "requires a calculation of *time*, not of *age*." *Id.* The North Carolina court concluded that to determine the disparity in ages, it was proper to calculate the total time between the birthday of the actor and the birthday of the victim. *See id.*

¶ 19. Wisconsin's calculation of time under its liquor laws supports a calculation that is time based and not age based. In *Paetz v. State*, 129 Wis. 174, 175, 107 N.W. 1090 (1906), Paetz was convicted of a second offense of selling liquor within a year. The applicable statute provided that "[i]n case of a second or any subsequent conviction of the same person *during any year* the punishment shall be by both such fine and imprisonment." *Id.* at 176–77 (emphasis added). Paetz argued that the phrase *during any year* meant a calendar year and because his convictions were on July 3, 1903, and January 26, 1904, the enhanced penalty did not apply. *Id.* at 175, 179.

¶ 20. While acknowledging that Paetz's argument was "able and ingenious," the court rejected his conclu-

sions. *Id.* at 179. The court opined, "We are of the opinion that the year contemplated by the statute is a period of 365 days . . . ." *Id.* It thought that Paetz's argument would yield absurd results, *e.g.*, a person convicted for sales on December 31 of one year and January 1 of the next year could not be punished for the second offense. *See id.* "We do not think such is a proper construction of the statute. We think that the words '*during any year*' mean the ensuing year from the date of the first conviction." *Id.*

¶ 21. From these cases we conclude that to calculate the disparity of ages required in WIS. STAT. § 301.45(1m)(a)2., to determine if an actor is exempt from registering as a sex offender, the time between the birth dates of the two parties is to be determined. Using this method we first consider Parmley's birthday of January 18, 1986, and then the victim's birthday of June 9, 1990. We conclude that there is a difference of four years, four months and twenty-three days. Therefore, Parmley is more than four years older than the victim.

¶ 22. The legislative intent in carving out this narrow exception to the sex offender registration program supports this commonsense approach of calculating who is "not more than 4 years older" than the victim. "[T]he legislature's purpose was to craft a narrow exception to mandatory registration for sex offenders in cases of factually consensual sexual contact between two minors who, but for the age of the younger child, would have broken no law." *Joseph E.G.*, 240 Wis. 2d 481, ¶ 11. If we were to adopt Parmley's view, there could be almost a five-year gap between an actor and a victim. Assuming an act of sexual intercourse

781

happened on December 31, 1998, and the actor had a birthday of January 1, 1980, and the victim's birthday was December 27, 1984, under Parmley's method of calculation, the actor would have been eighteen years old and the victim fourteen years old and he would be exempt from sex offender registration because he is not more than four years older than the victim. However, under the method of calculation we adopt in this opinion, Parmley would have to register as a sex offender because the actual difference between their ages is four years and 360 days—making Parmley almost one additional full year older physically, emotionally and sexually.

¶ 23. This method of calculating age disparity between an actor and a child victim promotes the overarching state policy of protecting our children from those who would abuse them. In a different context, interpreting the statute defining statutory rape, WIS. STAT. § 948.02(2) (1997–98), in *State v. Fisher*, 211 Wis. 2d 665, 674, 565 N.W.2d 565 (Ct. App. 1997), we recognized

> a significant state interest in regulating sexual activity on the part of its children. The state has a strong interest in the ethical and moral development of its children. This state has a long tradition of honoring its obligation to protect its children from others and from themselves. Section 948.02(2) has many salutary purposes; among the many significant interests of the state are the dangers of pregnancy, venereal disease, damage to reproductive organs, the lack of considered consent, heightened vulnerability to physical and psychological harm, and the lack of mature judgment. (Citations omitted.)

¶ 24. Our method of calculating age disparity—comparing actual birth dates—is consistent with the purpose of sex offender registration, to "assist law enforcement agencies in investigating and apprehending offenders in order to protect the health, safety, and

welfare of the local community and members of the state." *Bollig*, 232 Wis. 2d 561, ¶ 20. It also prevents the narrow exception to registration, recognized by *Joseph E.G.*, from being enlarged by application to actors who are actually more than four years older than the victim.

■

¶ 25. Although not conceding that the statute is unambiguous, Parmley mounts a second challenge to the statute, he argues that it is unconstitutionally vague as applied to him. He complains that, being eighteen, he would not have considered himself more than four years older than the victim. He contends that he "did not have sufficient notice under the statute that his conduct may possibly not fall within the exemption to the sex offender registration statute."

■

¶ 26. Our standard of review when confronted with a challenge to the constitutionality of a statute has been repeated frequently:

> We review the constitutionality of statutes *de novo,* without deference to the trial court. Statutes enjoy a presumption of constitutionality and we review the statutes so as to preserve their constitutionality. A party challenging the constitutionality of a statute must demonstrate that it is unconstitutional beyond a reasonable doubt.

*State v. Chvala*, 2004 WI App 53, ¶ 9, 271 Wis. 2d 115, 678 N.W.2d 880 (citations omitted), *aff'd,* 2005 WI 30, 279 Wis. 2d 216, 693 N.W.2d 747.

¶ 27. This same challenge was rejected by the Supreme Court of Connecticut in *Jason B.*, and we cannot improve upon its reasoning:

783

The defendant's contention that our vagueness analysis should focus on the warning provided to the average sixteen year old lacks merit. First, the scope of the statute is not confined to defendants of teenage years. Second, vagueness analysis ordinarily does not depend on the individual or categorical capabilities of the defendant. It focuses on the warning that is afforded by the language and its gloss to persons of ordinary intelligence. Although the knowledge possessed by a particular defendant may undermine a vagueness challenge . . . the converse is not true. Lack of knowledge, either by the individual defendant or a person in his particular age category, does not enhance a vagueness challenge.

*Jason B.*, 729 A.2d at 770 (citations and emphasis omitted).

¶ 28. To enhance and promote the state's policy of protecting our children from sexual predators, the application of the exemption from registration as a sex offender when the actor is "not more than 4 years older," is determined by calculating the time between the birthday of the actor and the birthday of the victim. We reverse because it was error for the circuit court to only compare calendar year ages.[5]

*By the Court.*—Order reversed.

---

[5] The circuit court also erred because it failed to follow the dictates of the statute after Parmley filed his motion to be exempted from the registration requirements of WIS. STAT. § 301.45(1m). The calculation of the age difference between the actor and child is only the beginning of the analysis the circuit court must follow in considering such a motion. Sec. 301.45(1m)(bm)-(e).