PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-3952/4085
_____


UNITED STATES OF AMERICA,
                              Appellant in No. 12-3952
                    v.

BLAKE BROWN, JR.,
                              Appellant in No. 12-4085
_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 11-cr-00174-001)
District Judges:  Hon. Joy Flowers Conti
_____


Submitted Under Third Circuit LAR 34.1(a)
December 19, 2013

Before:   JORDAN, VANASKIE and GREENBERG, *Circuit
Judges*.

(Filed: January 15, 2014 )
_____

Donovan J. Cocas, Esq.
Office of United States Attorney
700 Grant Street - #4000
Pittsburgh, PA   15129
        *Counsel for the United States of America*

Lisa B. Freeland, Esq.
Kimberly R. Brunson, Esq.
Office of Federal Public Defender
1001 Liberty Avenue - #1500
Pittsburgh, PA   15222
        *Counsel for Blake Brown, Jr.*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Both the government and the defendant, Blake Brown, Jr., appeal an order of the United States District Court for the Western District of Pennsylvania dismissing the indictment of Brown for failing to register as a sex offender.  For the reasons that follow, we will vacate the order and direct that the indictment be reinstated.

## I.      Background

The Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq*., requires individuals convicted of certain sex crimes to submit identifying information to state and federal sex offender registries. §§ 16912(a), 16913–16914, 16919(a).  It is a violation of

SORNA for such individuals to travel in "interstate or foreign commerce" and "knowingly fail[] to register or update a registration." 18 U.S.C. § 2250(a). While the term "sex offender" is tautologically defined as someone who has been convicted of a "sex offense," 42 U.S.C. § 16911(1), Congress was careful to delineate specific circumstances in which a conviction involving sex will not lead to classification as an offender under SORNA. Among other things,[1]

> [a]n offense involving consensual sexual conduct is *not* a sex offense for the purposes of [SORNA] ... *if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.*

42 U.S.C. § 16911(5)(C) (emphasis added). That exception is the pivot on which this case turns.

In August 2011, Brown was charged with failing to register under SORNA based on his 2003 conviction for third degree lewd molestation in violation of Florida Statute § 800.04(5). Although he had previously registered when he moved from Florida to New York, he failed to register after he later moved to Pennsylvania in October 2010. At the time of his arrest, he was staying with his father in McKeesport, Pennsylvania, and admitted knowing that he needed to

---

[1] The quoted language appears to be limited to minors, but a separate exception pertains to adults, making an offense involving consensual sexual conduct a "sex offense" for purposes of SORNA only if the adult victim was "under the custodial authority of the offender at the time of the offense." 42 U.S.C. § 16911(5)(C).

register, though he claimed he "did not have the time" to do so. (PSR ¶ 43.)

Brown pled guilty as charged, but, when it came time for sentencing, the District Court *sua sponte* raised various concerns regarding SORNA's applicability. In particular, the Court expressed doubt that Brown was indeed a "sex offender," given that – according to the U.S. Probation Office's Presentence Investigation Report – he was 17 years old and his victim was 13 years old at the time they engaged in the consensual sexual contact that was the basis of Brown's 2003 conviction.[2] As the Court saw it, giving Brown the benefit of SORNA's "not more than 4 years older" exception was "a question of ... the interests of justice." (App. at 203.) The Court therefore decided to withdraw its previous approval of Brown's guilty plea.[3]

---

[2] The exception set forth in 42 U.S.C. § 16911(5)(C) requires the offense to be based on a consensual act. The parties appear to agree that the conduct underlying Brown's 2003 conviction was "consensual," as that term is used in SORNA. One may, of course, question the meaning of "consensual" when the word is applied to a 13-year-old's decisions, but that issue is not before us.

[3] In withdrawing its prior approval of Brown's guilty plea, the District Court relied on Rule 11(b)(3) of the Federal Rules of Criminal Procedure. It is debatable whether the District Court had authority to reject the plea after accepting it; Rule 11(b)(3) does not address a judge's revocation of a plea acceptance, but case law suggests that a judge can revoke an acceptance if there is no factual basis for a plea, *United States v. Hecht*, 638 F.2d 651, 653 (3d Cir. 1981). We need

4

Although the government and Brown eventually stipulated that Brown's "date of birth was exactly four years and four months (52 months) prior to the date of birth of the victim in the offense of Lewd Molestation" (Supp. App. at 50-51), the District Court, in an order dismissing the indictment,[4] held that the exception in 42 U.S.C. § 16911(5)(C) is "grievous[ly]" ambiguous as applied to Brown (App. at 149). According to the Court, a "colloquial" reading would render Brown eligible for the exception in the statute since, "[t]he common question, 'how old are you?' is colloquially interpreted to mean, 'how many complete years have transpired since the date of your birth?'" (*Id.* at 147 & n.2.) Because Brown was 17 years old and the victim was 13 years old at the time of the incident, the Court reasoned that Brown could be seen as falling within the exception since he was not "more than 4 years older than the victim," but rather was exactly four years older.

---

not address the issue, however, because we are vacating the Court's decision on other grounds.

[4] Brown twice moved to dismiss the indictment. The Court rejected the first effort, but appears to have invited the second. (App. at 151 n.5 ("[T]he government has since indicated its willingness to stipulate to all facts necessary to resolve the interpretation of SORNA's consensual sexual conduct exception, which leaves the court more flexibility to consider a pretrial motion to dismiss without itself finding facts or making credibility determinations that should be left to the jury.").) It is the District Court's order responding to that second motion that we now address.

At the same time, the Court acknowledged that Brown indeed "*was* more than four years older than the victim because he was born more than four years before the victim." (*Id*. at 147-48.) Math would therefore seem to dictate that Brown could not claim the exception, but, the Court said, if "Congress [had] intended for such a strict measurement of age to apply (particularly in the context of comparing two people's relative ages), Congress could have defined the difference in reference to months." (*Id*. at 5.) Because Congress did not specify how "years" were to be calculated, and because resort to legislative history did not clarify what was meant by the word "years," the Court applied the rule of lenity to dismiss the indictment.[5]

The government timely appealed the dismissal, and Brown filed a cross-appeal seeking to preserve a variety of issues.[6]

---

[5] The rule of lenity is a doctrine providing "that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishment, should resolve the ambiguity in favor of the more lenient punishments." BLACK'S LAW DICTIONARY 1449 (9th ed. 2009).

[6] In his cross-appeal, Brown raises the following additional arguments: (1) that SORNA encroaches upon state's power and violates the Tenth Amendment; (2) that Congress exceeded its authority under the Commerce Clause in enacting SORNA; (3) that application of SORNA to pre-enactment offenders violates the ex-post facto clause; (4) that SORNA unconstitutionally infringes on the right to travel; (5) that prosecution under SORNA violates the Due Process Clause; (6) that federal courts must apply a categorical

approach in evaluating SORNA predicate offenses; and (7) that Congress violated the non-delegation doctrine by giving the Attorney General blanket authority to determine the applicability of SORNA to offenders who were convicted of sex offenses before SORNA was enacted.

Given the attention we and other circuit courts have already paid to the first five issues, we do not address them again here. Brown in fact concedes that our decision in *United States v. Shenandoah*, 595 F.3d 151, 158-63 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 132 S. Ct. 975 (2012), forecloses those arguments. He raises them only to "preserve[] [them] for further review." (Brown's Opening Br. at 56-60.)

We do not have to address Brown's "categorical approach" argument, given his stipulation regarding consent and regarding his age and the age of his victim. It is nevertheless worth noting that the categorical approach was created to prevent "sentencing courts from inquiring into the facts underlying prior convictions, fearing that this would unleash endless re-litigation of old charges and raise Sixth Amendment concerns." *United States v. Tucker*, 703 F.3d 205, 209 (3d Cir. 2012) (citing *Taylor v. United States*, 495 U.S. 575, 601-02 (1990)). We are not addressing sentencing here but a separate crime.

Finally, with respect to the question of whether Congress violated the non-delegation doctrine, the District Court did not address non-delegation either in its memorandum opinion and order denying Brown's first motion to dismiss the indictment or in the later memorandum opinion and order granting dismissal. We therefore abstain from ruling on it, so that, on remand, the District Court may consider the issue in the first instance.

7

## II.  Discussion[7]

The dispositive question before us is what is meant by the word "years" in 42 U.S.C. §  16911(5)(C).  The District Court decided that the use in that statute of the phrase "more than 4 years older than the victim" is "susceptible to more than one reasonable interpretation" (App. at 3), but we disagree.

"[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). When words are not defined within the statute, we construe them "in accordance with [their] ordinary or natural meaning." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994).  We do not, however, do so blindly.

> [F]requently words of general meaning are used in a statute ... and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad

---

[7] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the District Court's decision turns on statutory construction, we review the matter de novo. *Samaroo v. Samaroo*, 193 F.3d 185, 189 (3d Cir. 1999) ("We must review legal conclusions and questions of statutory construction de novo.")

8

> meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.

*Holy Trinity Church v. United States*, 143 U.S. 457, 459 (1892). In such cases, resorting to dictionary definitions may be helpful. *See MCI Telecomm. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 225 (1994) (stating, based on "[v]irtually every dictionary," that "'to modify' means to change moderately or in minor fashion"). Ultimately, though, "[a]mbiguity is a creature not of definitional possibilities but of statutory context," *Brown v. Gardner*, 513 U.S. 115, 118 (1994), so the touchstone of statutory analysis should, again, be the statute itself.

As already noted, § 16911(5)(C) provides that an offense involving consensual sexual conduct is not a sex offense under SORNA as long as the victim "was at least 13 years old and the offender was not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C). In common usage, a year means 365 consecutive days (except, of course, when a leap year adds a day) or 12 months. *See, e.g.*, Black's Law Dictionary 1754 (9th ed. 2009) ("A consecutive 365-day period beginning at any point."). We therefore conclude that the term "4 years" is not ambiguous: it is quite precisely 1,461 days[8] or 48 months. While the word "years" on its own or in some colloquial usage could perhaps be thought ambiguous, the word is not floating in abstract isolation or

---

[8] Because every fourth year is a leap year, and there are 366 days in a leap year, there are 365 + 365+ 365 + 366 days, or 1,461 days in a four-year time frame.

casual conversation here; it is set in the specific terms of a specific statute, and it has a discernible meaning in that context. "[M]ore than 4 years" means anything in excess of 1,461 days.

Considering "years" to mean whole years only, as the District Court suggests, would lead to strange results in the application of SORNA. The government rightly notes that using the "'colloquial method' of calculating whether an offender was 'more than 4 years older' than his victim would create alternating windows of time" in which the same offense involving the same two participants "sometimes would require registration under SORNA and sometimes [would] not, depending upon the time of the year their sexual congress took place." (Gov't's Opening Br. at 20.) In other words, if we take Brown's Florida offense as an example and we were to assume that Brown's date of birth was May 1, 1984, and his victim's date of birth was September 1, 1988 – exactly four years and four months later – Brown would only need to register under SORNA if he had been convicted of having sexual contact with her at any point between May 1st through August 31st of any year between 2002 and 2004, when he was "colloquially" five years older, but he would not need to register for a conviction involving the same conduct at other times.[9] That cannot be the law.

---

[9] To be specific, a "colloquial" reading of the sort considered by the District Court creates windows of time in which Brown sometimes is five years older than the victim and other times is "not more than four years older": between September 1, 2001, and April 30, 2002, Brown would be 17 years old and his victim 13 years old; between May 1, 2002, and August 31, 2002, Brown would be 18 years old and his

The District Court expressed concern that considering "4 years" literally as an accumulation of lesser units of time could "require a calculation down to the month, day, hour, minute, or even second in order to calculate the difference in age between a defendant and victim." (App. at 5 (footnote omitted).) But demanding some precision – at least as to days[10] – is more sound than the conclusion that no one is

victim 13 years old; between September 1, 2002, and April 30, 2003, Brown would be 18 years old and his victim 14 years old; between May 1, 2003, and August 31, 2003, Brown would be 19 years old and his victim 14 years old; between September 1, 2003, and April 30, 2004, Brown would be 19 years old and his victim 15 years old; and between May 1, 2004, and August 31, 2004, Brown would be 20 years old and his victim 15 years old.

The overall span of time during which this is relevant is between September 1, 2001, when the victim turns 13 years old (triggering the possible application of SORNA's "not more than 4 years older" exception), and August 31, 2004, just before she turns 16 years old, because the statute under which Brown was convicted, Florida Statute § 800.04, criminalizes an act such as Brown's only when the victim is under 16 years of age.

[10] It seems highly unlikely that a prosecution will ever be brought on the basis that someone who is exactly 4 years older than another by birth-date will be prosecuted under SORNA on the theory that, by hours or minutes, the offender was "more than 4 years older." We are not required to address extreme hypotheticals. *See Poole v. Family Court*, 368 F.3d 263, 269 (3d Cir. 2004) ("We will not permit our

11

"more than 4 years older" than someone else unless he is actually five years older.

Because the words "no more than 4 years older" have a clearly discernible meaning here, applying the rule of lenity was not necessary. We have held that the "simple existence of some statutory ambiguity ... is not sufficient to warrant application of the rule of lenity, for most statutes are ambiguous to some degree." *United States v. Kouevi*, 698 F.3d 126, 138 (3d Cir. 2012) (quoting *Dean v. United States*, 556 U.S. 568, 577 (2009)) (internal quotation marks omitted) *superseded on other grounds*. Rather, the rule only applies in those cases "in which a reasonable doubt persists about a statute's intended scope," *United States v. Doe*, 564 F.3d 305, 315 (3d Cir. 2009) (internal quotation marks omitted), after consulting "every thing [sic] from which aid can be derived." *United States v. Cruz*, 106 F.3d 1134, 1139 n.6 (3d Cir. 1997) (quoting *United States v. Bass*, 404 U.S. 336, 347 (1971)) (internal quotation marks omitted). The rule is therefore an interpretative method of "last resort" and "need not be applied when the intent of Congress is already clear based on an

---

interpretation of Rule 4(a)(6) to be governed by such an extreme hypothetical. If at some time in the future we are presented with such an outrageous case, we are confident that we have the tools to ensure that the right to appeal is not defeated."); *see also NLRB v. New Vista Nursing & Rehab.*, 719 F.3d 203, 238 (3d Cir. 2013) (recognizing the concern that "[t]he terror of extreme hypotheticals produces much bad law" (quoting *Marozsan v. United States,* 852 F.2d 1469, 1498 (7th Cir.1988) (Easterbrook, J., dissenting)) (internal quotation marks omitted)).

analysis of the plain meaning of the statute." *Valansi v. Ashcroft*, 278 F.3d 203, 214 n.9 (3d Cir. 2002). [11]

Though we have not ruled before on the meaning of "years" in this exact context,[12] several state courts have interpreted how to count "years" when applying sexual offense statutes. The Connecticut Supreme Court observed that "common sense dictates that in comparing the relative ages of individuals, the difference in their ages is determined by reference to their respective birth dates." *State v. Jason B.*, 729 A.2d 760, 767 (Conn. 1999). Florida, Wisconsin, and North Carolina have each relied on that interpretation to conclude that the phrase "more than 4 years older" within 42 U.S.C. § 16911(5)(C) or similar statutes means more than 1,461 days older. *See State v. Marcel*, 67 So.3d 1223, 1225

---

[11] It is true that on one occasion we stated that "the rule of lenity should be employed to 'resolv[e] *any* ambiguity in the ambit of [a criminal] statute's coverage," *United States v. Carr*, 25 F.3d 1194, 1214 (3d Cir. 1994) (alterations in original) (citation omitted). That comment, however, cannot be taken literally, since doing so would be at odds with our own precedent, as set forth in the cases cited above, and with Supreme Court precedent. *See Chapman v. United States*, 500 U.S. 453, 463 (1991) ("The rule of lenity, however, is not applicable unless there is a 'grievous ambiguity or uncertainty in the language and structure of the Act'... .").

[12] *Cf. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Gardner*, 882 F.2d 67, 71 (3d Cir. 1989) (holding that the word "year" in that federal regulation "means 365 days").

13

(Fla. Dist. Ct. App. 2011) ("If a defendant is one day past the four-year eligibility ... [he] clearly is 'greater' or 'of a larger amount' than four years."); *State v. Parmley*, 785 N.W.2d 655, 662 (Wis. Ct. App. 2010) ("From these cases we conclude that to calculate the disparity of ages ... to determine if an actor is exempt from registering as a sex offender, the time between the birth dates of the two parties is to be determined."); *State v. Faulk*, 683 S.E.2d 265, 267 (N.C. Ct. App. 2009) ("Neither our legislature nor this Court deals only in whole integers of years, and, as such, this argument must fail. So too does defendant's argument that a plain language analysis of the statute requires this Court to consider the everyday conversational meaning of age differences... ."). That conclusion is, we think, entirely correct.

### III.    Conclusion

Because Brown was, as he has stipulated, more than 4 years older than his victim at the time of the offense giving rise to his 2003 conviction, we will vacate the order dismissing the indictment and direct that the indictment be reinstated.

14