**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3373
_____

UNITED STATES OF AMERICA

v.

BOYD DALE STACEY,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-12-cr-00015-001)
District Judge:  Honorable Cathy Bissoon

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 22, 2014

_____

Before:  McKEE, Chief Judge, CHAGARES, and GARTH, Circuit Judges.

(Filed: June 20, 2014)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Boyd Dale Stacey entered a conditional guilty plea to a one-count indictment

charging him with failing to register as a sex offender, and to update his sex offender

registration, between November 4, 2011 and January 2012 in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). For the following reasons, we will affirm the judgment of conviction.

I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. On September 25, 2000, in the State of Florida, Stacey pleaded guilty to violating the Computer Pornography and Child Exploitation Prevention Act, Fla. Stat. § 847.0135(2), and to committing lewd or lascivious conduct, see Fla. Stat. § 800.04(6)(a)(2) and (b). He was sentenced to 364 days of imprisonment on each count, to run consecutively. On January 30, 2002, Stacey registered as a sex offender at the Pinellas County, Florida Sheriff's Office. Stacey provided a permanent address in Largo, Florida and a temporary address in Pittsburgh, Pennsylvania. Appendix ("App.") 122.

SORNA became effective on July 27, 2006. The statute required individuals convicted of sex offenses after its enactment to comply with certain federal registration requirements, see 42 U.S.C. § 16913, and it imposed federal criminal penalties for failure to register or to update a registration, 18 U.S.C. § 2250(a).[1] SORNA delegated to the

---

[1] Section 2250(a) provides that any person who:

> (1) is required to register under [SORNA];
> (2)(A) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under . . . the law of any territory or possession of the United States; or
> (B) travels in interstate or foreign commerce . . .; and
> (3) knowingly fails to register or update a registration as required by [SORNA];

United States Attorney General the authority to determine whether the Act's registration requirements would apply to pre-SORNA sex offenders. 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an immediately effective Interim Rule providing that SORNA's registration requirements also applied to preenactment offenders. Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894-01, 8894–95 (Feb. 28, 2007) (codified at 28 C.F.R. § 72.3). The Interim Rule was "finalize[d]" on December 29, 2010, in a Final Rule effective January 28, 2011. Applicability of the Sex Offender Registration and Notification Act, 75 Fed. Reg. 81849-01, 81849–50 (Dec. 29, 2010).

At some point, Stacey moved from Florida to Pennsylvania and from Pennsylvania to Ohio. Stacey failed to complete registration in Pennsylvania at the end of 2011, and he also did not register in Ohio. On January 25, 2012, a grand jury in the United States District Court for the Western District of Pennsylvania returned a one-count indictment charging Stacey with failing to register as a sex offender and to update his sex offender registration, in violation of 18 U.S.C. § 2250(a), from November 4, 2011 to "in or around" January 2012. Stacey filed a motion to dismiss the indictment, which the court denied in an order entered on May 6, 2013. On July 18, 2013, Stacey entered a conditional guilty plea to the charge. Under the terms of his plea agreement, Stacey reserved the right to appeal from the District Court's denial of his motion to dismiss. The District Court sentenced Stacey to twenty-one months of imprisonment, with credit for

shall be fined under this title or imprisoned not more than [ten] years, or both.

time served, plus twenty years of supervised release and a $100 special assessment. Stacey timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. Our standard of review for a district court's denial of a motion to dismiss an indictment is mixed. United States v. Reynolds, 710 F.3d 498, 506 (3d Cir. 2013). We review a district court's legal conclusions de novo, and we review its factual determinations for clear error. Id. Our review over constitutional issues is plenary. United States v. Pendleton, 636 F.3d 78, 82 (3d Cir. 2011).

## III.

Stacey's principal argument is that § 16913(d) violates the nondelegation doctrine, which requires Congress to provide, at a minimum, an "intelligible principle" to guide the Attorney General in the exercise of delegated rulemaking authority. Touby v. United States, 500 U.S. 160, 165 (1991) (quotation marks omitted). While Stacey's appeal was pending, this Court decided United States v. Cooper, --- F.3d ---, 2014 WL 1386816 (3d Cir. Apr. 10, 2014), which held that SORNA does not violate the nondelegation doctrine. Id. at *9. We are bound by this holding. See Chester ex rel. NLRB v. Grane Healthcare Co., 666 F.3d 87, 94 (3d Cir. 2011) ("[A] panel of this Court cannot overrule an earlier binding panel decision; only the entire court sitting en banc can do so."). Therefore, the District Court correctly denied Stacey's motion to dismiss on the nondelegation ground.

## IV.

4

Stacey also contends that: (1) he did not receive notice of his obligation to register under SORNA and therefore did not "knowingly" fail to register under § 2250(a)(3), rendering his prosecution a violation of due process; and (2) SORNA's application to pre-Act offenders violates the Ex Post Facto Clause. These arguments are similarly foreclosed by binding precedent. Namely, in United States v. Shenandoah, 595 F.3d 151 (3d Cir. 2010), abrogated on other grounds by Reynolds v. United States, 132 S. Ct. 975 (2012), this Court held that § 2250(a) "is not a specific intent law" and rejected the defendant's argument that his due process rights were violated based on lack of notice given that "every State had registration requirements for sex offenders" when SORNA was enacted. Id. at 159, 160. The Court also rejected the defendant's ex post facto challenge to SORNA, reasoning that the statute "creates a new punishment for a new offense, this new offense being traveling in interstate commerce and failing to register as a sex offender under SORNA after July 27, 2006." Id. at 158.[2] Thus, the District Court's

---

[2] Stacey contends that the Supreme Court's decision in Reynolds, and this Court's decision in that case on remand, "casts doubt" on whether Shenandoah remains good law. See Stacey Br. 25, 29, 31 n.12, 35 n.13. In Reynolds, the Supreme Court considered whether SORNA's registration requirements applied to preenactment offenders between July 27, 2006 (when SORNA took effect) and February 28, 2007 (when the Interim Rule was promulgated). 132 S. Ct. at 979, 980. The Court held that SORNA's requirements do not apply to preenactment offenders until the Attorney General "validly specifies" their applicability, id. at 980, and it remanded for this Court to consider, in the first instance, whether the Interim Rule set forth a valid specification, id. at 984. On remand, this Court held that the Interim Rule was promulgated in violation of the Administrative Procedure Act. 710 F.3d at 502–03. The Supreme Court's Reynolds decision thus abrogated our holding in Shenandoah that SORNA's registration requirements applied to pre-Act offenders from the date of SORNA's enactment; it did not affect our due process and ex post facto holdings. Cf. United States v. Brown, 740 F.3d 145, 148 n.6 (3d Cir. 2014) (citing Shenandoah in declining to address the defendant's ex post facto and due process challenges to SORNA).

denial of Stacey's motion to dismiss on ex post facto and due process grounds was not erroneous.

V.

For the foregoing reasons, we will affirm the judgment of conviction.