2026 IL App (2d) 250334
No. 2-25-0334
Opinion filed June 4, 2026

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

KALUB C. DOUGLAS, Defendant-Appellant.

Appeal from the Circuit Court of Kendall County.
Honorable Jody P. Gleason, Judge, Presiding.
No. 23-CF-207

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Justices McLaren and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Kalub C. Douglas, appeals his conviction of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2020)). He contends that the State failed to prove him guilty beyond a reasonable doubt because it failed to prove that he was five years older than the victim. We affirm.

¶ 2                            I. BACKGROUND

¶ 3    On July 18, 2023, defendant was indicted on three counts of aggravated criminal sexual abuse (*id.*). Each count alleged that—on or between January 1, 2023, through January 31, 2023— defendant committed an act of sexual penetration with B.L.B., who was at least 13 years of age but under 17 years of age, and that defendant was at least five years older than B.L.B.

¶ 4       A bench trial took place on November 7, 2024. The State's evidence consisted of testimony from B.L.B., Kyle B. (B.L.B.'s father), Sergeant Bryan Harl of the Kendall County Sheriff's Office, and Detective Casey Kailus of the Kendall County Sheriff's Office. Additional evidence consisted of cell phone evidence, a recorded interview of defendant, evidence of defendant's prior convictions (entered in rebuttal), and two stipulations. Defendant testified on his own behalf.

¶ 5       The evidence generally established the following. In January 2023, B.L.B. met defendant at a skating rink. At the time, B.L.B. was 14 years old, having been born on May 30, 2008. Defendant was born on May 30, 2003, and was 19 years old when he met B.L.B. After their initial meeting, they began communicating through social media and discovered that they shared the same birthday. Defendant knew that B.L.B. was 14 years old.

¶ 6       Not long after meeting defendant, B.L.B. had a friend, A., spend the night at her house. At approximately 2:30 a.m., B.L.B. invited defendant to her house. Defendant arrived shortly thereafter with his friend, Trey. After being invited in by B.L.B., defendant and Trey entered the walkout basement of B.L.B.'s house. Several of B.L.B.'s family members were asleep upstairs.

¶ 7       According to B.L.B., while A. and Trey watched a movie, defendant asked B.L.B. to accompany him into the basement bedroom. B.L.B. agreed. The two entered the bedroom and closed the door. They began kissing and went under the bed covers together. Defendant asked B.L.B. to remove her pants. She did, and they continued kissing. While on the bed, defendant (1) placed his penis in B.L.B.'s vagina (count I), (2) placed his penis in B.L.B.'s mouth (count II), and (3) placed his tongue in B.L.B.'s vagina (count III). When A. knocked on the bedroom door, B.L.B. and defendant "jump[ed] up" and put their pants on. They rejoined Trey and A., and they all played pool.

¶ 8　　After that night, B.L.B. continued to communicate with defendant and "believed that [they] were dating." Several days later, Kyle B. saw text messages between B.L.B. and defendant on B.L.B.'s phone and asked B.L.B. who defendant was. According to B.L.B., Kyle B. took her phone.

¶ 9　　Kyle B. testified that, a few days after A. had spent the night with B.L.B. at his house, he found out that "something had occurred" at his house over that weekend. He became suspicious and looked through B.L.B.'s phone. He discovered that B.L.B. had been texting someone named "Kalub." He called the number associated with "Kalub" and spoke with the individual. He also spoke with other people to find out who "Kalub" was. He had heard "rumors" about what had happened. When asked if the police contacted him about the rumors being spread around, he stated that he believed that he made the initial contact. Kyle B. was interviewed by the police and turned over B.L.B.'s phone.

¶ 10　　Defendant testified that B.L.B. invited him into the bedroom. According to defendant, he knew that B.L.B. was 14 years old. He did not engage in sexual conduct with her because he "knew it wasn't right." According to defendant, while in the bedroom, he and B.L.B. only kissed and talked.

¶ 11　　After hearing closing arguments, the trial court questioned whether the State proved that defendant was at least five years older than B.L.B., given that they were born on the same date, exactly five years apart. The court noted that "nobody presented any testimony to me who was born first[.]" The court stated: "I'm going to give you, both of you a chance to give me any case law. And when you do that, I will also then have reviewed all the evidence, so I've looked at all the evidence prior to making any ruling."

¶ 12　　The parties appeared on December 6, 2024. The State argued:

"[W]hen someone turns 16, when someone turns 18, when someone turns 21, the law does not say on your 18th birthday at the time you were born you have the right to vote. It's on your 18th birthday.

When you turn 21, at midnight of your 21st birthday, that's when the law allows you to consume alcohol.

On your 16th birthday you do not have to wait until—let's say you were born at 3 o'clock in the afternoon. You don't have to wait until 3:00 p.m. to get your license. You are 16 on that day.

So with regards to the legality of the issue and whether or not the law recognize—what the law recognizes, this defendant would be five years older than the victim on the day that this offense occurred."

¶ 13 Defendant argued:

"[A]s far as whether or not there's issues regarding the timing, I believe that then would fall on the State's side to make a determination as to whether or not [defendant] was born at 11:59 p.m. on that date or if he was born at 8:45 in the morning and then relative to what the alleged victim's time of birth was.

Once again, I believe that is the State's burden at that point to prove then that it was at least five years apart."

¶ 14 The trial court agreed with the State. The court commented:

"Okay. So I had reviewed all my notes, and I also had done some research on the issue, and I think the State is correct. It says five years.

So maybe my question was more just like a law school question. I think they're correct. He was five years older than the victim."

In addition, the court found that B.L.B. was credible. Thus, the court concluded that the State proved defendant guilty beyond a reasonable doubt.

¶ 15    On December 27, 2024, defendant filed a motion for a new trial and, on March 25, 2025, supplemented the motion. Defendant contended that the State failed to prove him guilty beyond a reasonable doubt, arguing, among other things, that the State failed to prove that defendant was five years older than B.L.B.

¶ 16    On July 21, 2025, the trial court denied defendant's motion for a new trial. The court stated:

"So as far as the dates, I know I think I raised the issue maybe after the bench trial. So the evidence, I think, was sufficient that there is certainly testimony they were five years, he's five years older than her. And that was throughout the transcript, and there was testimony that she was 14 at the time. He was 19. And their birth dates happened to fall on the same date.

The statute just says five years older. So I think the State has proved that portion or that element beyond a reasonable doubt."

Thereafter, the court sentenced defendant to an agreed sentence of three years in prison, to be served at 50%.

¶ 17    Defendant timely appealed.

¶ 18                              II. ANALYSIS

¶ 19    Defendant contends that the State failed to prove him guilty beyond a reasonable doubt of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2020)). Specifically, defendant asserts that the State failed to prove that he was "at least 5 years older" than B.L.B. See *id.* According to defendant, because he and B.L.B. were born on the same date five years apart, the

State was required to prove the precise time of their respective births to establish that defendant was at least five years older.

¶ 20    In response, the State contends that defendant is precluded from challenging the State's failure to provide the exact time of his birth because defendant stipulated that defendant was born on May 30, 2003, and, thus, expressly invited and acquiesced in any alleged error. Alternatively, the State contends that the evidence was sufficient to prove that defendant was at least five years older than B.L.B. Assuming *arguendo* that we were to reject the State's main contentions, the State contends that we should enter a conviction on the lesser-included offense of criminal sexual abuse (*id.* § 11-1.50(c)).

¶ 21    In considering a challenge to the sufficiency of the evidence, the relevant question for this court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *People v. Brown*, 2013 IL 114196, ¶ 48. We will not substitute our judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of the witnesses. *Id.* A defendant's conviction will not be overturned unless the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of the defendant's guilt. *Id.*

¶ 22    A defendant is guilty of aggravated criminal sexual abuse if he "commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim." 720 ILCS 5/11-1.60(d) (West 2020).

Here, defendant challenges only the sufficiency of the evidence as to whether he was "at least 5 years older than" B.L.B. See *id.*

¶ 23    We first consider the State's argument that defendant is precluded from challenging whether the State proved beyond a reasonable doubt that he was five years older than B.L.B. At trial, the parties entered the following stipulation: "That if called to testify Kurt Douglas would testify that [defendant] *** is his son and that [defendant] was born on May 30, 2003." According to the State, "[d]efendant's decision to stipulate to his birth date precluded the [State] from having to prove the timing of his birth," and, further, any alleged error was invited. We disagree.

¶ 24    The following legal principles apply. "A stipulation is conclusive as to all matters necessarily included in it ***." (Internal quotation marks omitted.) *People v. Gray*, 2024 IL 127815, ¶ 26. "After stipulating to facts, a defendant is precluded from attacking or otherwise contradicting those stipulated facts." *Id.* "When a defendant, by stipulation, 'waive[s] the necessity of proof of all or part of the case which the People have alleged against him,' 'he cannot complain of the evidence which he has stipulated into the record.' " *Id.* (quoting *People v. Polk*, 19 Ill. 2d 310, 315 (1960)). Further, "[i]t is well settled under the doctrine of invited error that a defendant cannot request to proceed in one manner in the trial court and later assert on appeal that the course of action was erroneous." *People v. Moore*, 2021 IL App (2d) 200407, ¶ 33.

¶ 25    Here, defendant stipulated to his date of birth; he did not stipulate to the fact that he was five years older than B.L.B., a requisite element of the charged offense. Whether defendant was five years older than B.L.B. was a conclusion for the trial court to draw from the evidence presented. See *People v. Shannon*, 2024 IL App (1st) 230042, ¶ 17 (by stipulating "that he 'had previously been convicted of carry or possession of a firearm in a school,' " the defendant was not precluded from arguing that the evidence failed to establish the element of a prior felony

conviction; the defendant did not stipulate that the prior offense was a felony or that it qualified to support the element of felony conviction under the provisions of the relevant statute, which were conclusions that the trial court had to draw from the evidence presented). Accordingly, defendant's stipulation does not preclude him from challenging the sufficiency of this evidence on appeal.

¶ 26     We turn to the merits. Defendant argues:

"Given that [defendant] and [B.L.B.] were born on the same date, five years apart, it is not only possible, but probable that [defendant] is not 'at least' five years older than [B.L.B.] Indeed, if [defendant] was born any time of day after [B.L.B.] was born—even one minute after, he would not be 'at least' five years older than [B.L.B.]."

According to defendant, the State should be held to prove the precise hour of defendant's and B.L.B.'s birth to establish that defendant was at least five years older than B.L.B.

¶ 27     In support, defendant relies (in his opening brief) solely on *People v. Andersen*, 237 Ill. App. 3d 367 (1992). In *Andersen*, the defendants, a husband and wife, were convicted of the criminal sexual assault and aggravated criminal sexual abuse of the wife's 15-year-old sister. *Id.* at 369-74. The husband committed the acts in question, and the wife was convicted under a theory of accountability. *Id.* at 377-78. The parties stipulated that the wife was born on May 27, 1968, and that her sister was born on April 21, 1973. *Id.* at 372. The wife argued that, because she was "approximately 4 years and 11 months older than [her sister]," she should not have been convicted of aggravated criminal sexual abuse because the statute creating the offense required the perpetrator to be at least five years older than the victim. *Id.* at 377. We agreed and reversed the wife's conviction, finding it improper to convict a person, even through accountability, where the act would not have been a crime had she committed it herself. *Id.* at 378.

¶ 28    *Andersen* is not particularly instructive on the question presented here. Indeed, in *Andersen*, there was no dispute that, because the wife was 4 years and 11 months older than the victim, she was not "at least five years older." Here, the question is how to compute the time between defendant's and B.L.B.'s birth when they were born on the same day but in different years. Do we compute it by using only the date of birth? Or do we compute it by using the precise time of birth? The State argues that, based on *Andersen*, we should use only their birth dates (concluding that there are exactly five years between their birth dates) because that is how the calculation was done in *Andersen*. While that is true, given the birth dates involved in *Andersen* (May 27, 1968, and April 21, 1973), we had no occasion to consider the issue we now confront. Thus, *Andersen* is not dispositive on the issue.

¶ 29    In its response brief, in addition to relying on *Andersen*, the State directs our attention to two federal decisions interpreting the meaning of the word "years" in the Sex Offender Registration and Notification Act (SORNA) (42 U.S.C. § 16911(5)(C) (2012), now codified at 34 U.S.C. 20911(5)(C) (2024))—*United States v. Brown*, 740 F.3d 145 (3d Cir. 2014) (*Brown Jr.*), and *United States v. Black*, 773 F.3d 1113 (10th Cir. 2014). The State argues that, based on *Brown Jr.* and *Black*, years should be calculated by counting the days between defendant's and B.L.B.'s birth dates, adding two extra days for the two leap years included.

¶ 30    In both federal cases, the defendants were seeking to apply the exception to federal sexual offender registration contained in SORNA. *Brown Jr.*, 740 F.3d at 147; *Black*, 773 F.3d at 1115. The provision at issue provided that an offender did not have to register if their offense involved "consensual sexual conduct" with a victim who "was at least 13 years old and the offender was not more than 4 years older than the victim" (42 U.S.C. §§ 16911(5)(C) (2012)). See *Brown Jr.*, 740 F.3d at 147; *Black*, 773 F.3d at 1114. At issue in each case was whether the phrase "more than

4 years older than the victim" meant *whole years* only, without regard to the number of months or days separating their births. *Brown, Jr.*, 740 F.3d at 149-50; *Black*, 773 F.3d at 1114. The *Brown Jr.* defendant was four years and four months older than the victim. *Brown Jr.*, 740 F.3d at 147. The *Black* defendant was four years and seven months older than the victim. *Black*, 773 F.3d at 1114. Thus, the defendants took the position that, because they were not five years older, they were not more than four years older. Both courts rejected that argument. *Brown Jr.*, 740 F.3d at 149-51; *Black*, 773 F.3d at 1115-17.

¶ 31    The *Brown Jr.* court found "that the term '4 years' is not ambiguous: it is quite precisely 1,461 days or 48 months" (365 days per three years, plus 366 days to account for one leap year every four years) and that, thus, " '[m]ore than 4 years' means anything in excess of 1,461 days." *Brown Jr.*, 740 F.3d at 149. In so holding, the *Brown Jr.* court acknowledged a concern raised by the district court (which had endorsed the whole years approach) "that considering '4 years' literally as an accumulation of lesser units of time could 'require a calculation down to the month, day, hour, minute, or even second in order to calculate the difference in age between a defendant and victim.' " *Id.* at 150. The *Brown Jr.* court noted, however, that "[i]t seems highly unlikely that a prosecution will ever be brought on the basis that someone who is exactly 4 years older than another by birth-date will be prosecuted under SORNA on the theory that, by hours or minutes, the offender was 'more than 4 years older.' " *Id.* at 150 n.10. The court stated: "But demanding some precision—*at least as to days*—is more sound than the conclusion that no one is 'more than 4 years older' than someone else unless he is actually five years older." (Emphasis added.) *Id.* at 150. The *Black* court adopted *Brown Jr.*'s reasoning. *Black*, 773 F.3d at 1115-16.

¶ 32    The State also directs us to out-of-state decisions in support of its position. See *State v. Jason B.*, 729 A.2d 760, 767 (Conn. 1999) (noting that "common sense dictates that in comparing

the relative ages of individuals, the difference in their ages is determined by reference to their respective birth dates"); *State v. Marcel*, 67 So. 3d 1223, 1225 (Fla. Dist. Ct. App. 2011) (the phrase " 'not more than 4 years older than the victim' " means that "[i]f a defendant is one day past the four-year eligibility *** he is ineligible to petition for relief" because he is " 'greater' or 'of a larger amount' than four years"); *State v. Parmley*, 2010 WI App 79, ¶ 21, 325 Wis. 2d 769, 785 N.W.2d 655 ("[T]o calculate the disparity of ages required [by the relevant statute], to determine if an actor is exempt from registering as a sex offender, the time between the birth dates of the two parties is to be determined."). We note that these cases were also relied on by *Brown Jr.* See *Brown Jr.*, 740 F.3d at 151.

¶ 33    According to the State, based on the above federal and State cases, by providing the birth dates of both defendant and B.L.B., the State established that there were 1,827 days between their births (three years of 365 days each plus two leap years—2004 and 2008—of 366 days each). Thus, the State argued, it proved beyond a reasonable doubt that defendant was at least five years older than B.L.B.

¶ 34    To be sure, the State's cases support the general proposition that we determine whether defendant was at least five years older than B.L.B. by counting the days between their respective dates of birth. We note, however, that the cited cases each involved an easy comparison of two birth dates that occurred on entirely different dates. The courts had no occasion to consider the issue we confront here—*i.e.*, whether, when counting the days between the births of two individuals born on the same day in different years, we do so without regard to the precise hour, minute, and second of birth.

¶ 35    Although not cited by either party, we find *People v. Anderson*, 108 Ill. App. 3d 563 (1982), instructive. There, the defendant was convicted of attempted murder, armed robbery, and

aggravated battery. *Id.* at 564. On appeal, he argued that he was under 17 years of age at the time of the offenses and, thus, could not have been prosecuted as an adult. *Id.* at 571. In support of his contention, the defendant relied on his mother's trial testimony that he was born at 8:45 a.m. on November 22, 1961, and the fact that the offenses occurred at 1 a.m. on November 22, 1978. *Id.* According to the defendant, he was "about 7 hours short of being 17 years old" at the time of the incidents at issue. *Id.* The First District rejected that contention.

¶ 36    Relying on *State v. Brown*, 443 S.W.2d 805 (Mo. 1969) (*en banc*), the First District emphasized that "[i]t is a familiar principle that in computing the age of an individual, *the law does not recognize fractions of a day*." (Emphasis added.) *Anderson*, 108 Ill. App. 3d at 571. The *Brown* defendant, like the *Anderson* defendant, contended that he did not become an adult until the anniversary of the precise moment of his birth. *Brown*, 443 S.W.2d at 806. The *Brown* court disagreed, stating:

> "[A]s a general rule, the law does not consider fractions of a day. [Citation.] While exceptions to this rule have been made by various courts, most relate to situations where the two acts occur on the same day, such as priorities of liens or deeds filed on the same day. As to computation of a person's age, the same contention as defendant here makes was made in the early case (1633) of Herbert v. Turball, 1 Keble 590, 83 Eng. Reprint 1129, 1 Sid 162, 82 Eng. Reprint 1033, and the court stated: '*** and whatever hour he was born is not material, there being no fraction of days.' " *Id.* at 806-07.

Thus, the *Anderson* court concluded that "it is apparent that defendant had attained the age of 17 at the time of the offense in question." *Anderson*, 108 Ill. App. 3d at 572.

¶ 37    *Anderson* supports a conclusion that, when calculating the time between birth dates, we use the date of birth, not the precise moment of birth. Under the reasoning in *Anderson*, defendant

- 12 -

attained the age of five on May 30, 2008, the day B.L.B. was born, without regard to the actual *time* of his birth. Because this court does not recognize fractions of a day when computing age, when the clock struck midnight on May 29, 2008, and the calendar date changed to May 30, 2008, defendant was five years old. Under *Anderson*, we give no regard to hours, minutes, or seconds. Thus, regardless of when B.L.B. was born on that day, because defendant had already turned five years old under Illinois law, defendant was at least five years older than B.L.B.

¶ 38 For the first time in his reply brief, defendant directs our attention to a decision from a Pennsylvania appellate court that presents a comparable factual scenario. In *Commonwealth v. Price*, 189 A.3d 423 (Pa. Super. Ct. 2018), the defendants, identical twins, were convicted of statutory sexual assault, which required the State to prove they were " 'four years older' " than the victim. (Emphasis omitted.) *Id.* at 427 (quoting 18 Pa. Cons. Stat. § 3122.1(a)(1) (2012)). The defendants were born on May 5, 1994 (at 6:50 p.m. and 7 p.m.); the victim was born on May 5, 1998 (at 8:16 a.m.). *Id.* at 428. The trial court noted that the case presented the precise " 'highly unlikely' " scenario acknowledged in the *Brown Jr.* decision. *Id.* at 429 (quoting *Brown Jr.*, 740 F.3d at 150 n.10). Relying on *Brown Jr.*, the trial court found that because "[the defendants] were born 1,461 *days* before their victim," they were exactly four years older than the victim. (Emphasis in original.) *Id.* at 430.

¶ 39 The reviewing court disagreed. *Id.* at 430-32. The court noted that "[t]he Pennsylvania Crimes Code does not specifically define the meaning of the term 'four years older.' " *Id.* at 431. The court further noted that "[t]he definition of what constitutes a day is [also] not defined by the Crimes Code, and that determination is essential to th[e] calculation." *Id.* at 432. The court recognized that, if measured by day, the defendants were exactly four years older than the victim. *Id.* at 430. However, if measured by the hour, the defendants were 3 years, 364 days, and 10 hours

older than the victim. *Id.* at 431. The court accepted the defendants' argument that " '[a] "day" is twenty-four (24) hours' " and that the defendants were " 'not a full 1461 days older than the victim.' " *Id.* at 432. The court determined that, given that the legislature had not yet defined the term "four years older," there was a latent ambiguity in the statute when applied to the facts. *Id.* Thus, the court applied the rule of lenity to resolve the ambiguity and concluded that there was insufficient evidence to convict the defendants because they were 14 hours shy of meeting the statutory definition of "more than four years older" than the victim. *Id.*

¶ 40 Initially, we note that because defendant did not cite this case in his opening brief, defendant has forfeited our consideration of the case. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"); *Finko v. City of Chicago Department of Administrative Hearings*, 2016 IL App (1st) 152888, ¶ 23 (finding that the petitioner forfeited consideration of a case cited for the first time in his reply brief as additional support for his arguments).

¶ 41 In any event, we agree with the lower court's reasoning in *Price.* We find no latent ambiguity in the statute. " 'A latent ambiguity occurs where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a choice among two or more possible meanings.' " *Gearhart v. Gearhart*, 2020 IL App (1st) 190042, ¶ 136 (quoting *Koulogeorge v. Campbell*, 2012 IL App (1st) 112812, ¶ 24). Here, the statute requires that defendant be "at least 5 years older" than B.L.B. See 720 ILCS 5/11-1.60(d) (West 2020). Given the parties' birth dates—May 30, 2003, and May 30, 2008—five years consists of 1,827 days. As noted, this court does not recognize fractions of a day when computing a person's age (see *Anderson*, 108 Ill. App. 3d at 571). Thus, when B.L.B. was born on May 30, 2008, defendant had attained the age of five years (or 1,827 full days), regardless of his precise hour,

minute, or second of birth. Accordingly, defendant was at least five years older than B.L.B., regardless of her precise hour, minute, or second of birth.

¶ 42                                    III. CONCLUSION

¶ 43    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 44    Affirmed.

*People v. Douglas*, 2026 IL App (2d) 250334

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kendall County, No. 23-CF-207; the Hon. Jody P. Gleason, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Christopher McCoy, and Anne C. Fung, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Eric C. Weis, State's Attorney, of Yorkville (Patrick Delfino, Edward R. Psenicka, and Jenna Seaver, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |