FILED
United States Court of Appeals
Tenth Circuit

December 9, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAY BENJAMIN BLACK,

        Defendant - Appellant.

No. 14-1000

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:12-CR-00410-MSK-1)**

---

Dean A. Strang, StrangBradley, LLC, Madison, Wisconsin (Robin Shellow, The Shellow Group, Milwaukee, Wisconsin, on the brief), for Defendant - Appellant.

Catherine M. Gleeson, Office of the United States Attorney, Denver, Colorado (John F. Walsh, United States Attorney, and Stephanie N. Gaddy, Special Assistant United States Attorney, Denver, Colorado, on the brief), for Plaintiff - Appellee.

---

Before **GORSUCH**, **SENTELLE**,* and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

    *The Honorable David B. Sentelle, U.S. Circuit Court Judge, D.C. Circuit, sitting by designation.

# I. INTRODUCTION/BACKGROUND

The Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901 to 16991, sets out a "comprehensive national system for the registration of" "sex offender[s]." *Id.* § 16901. Notably, however, SORNA excludes from the definition of "sex offender" a subclass of individuals who committed sex offenses "involving consensual sexual contact." *Id.* § 16911(1), (5)(C). "An offense involving consensual sexual conduct is not a sex offense for the purposes of [SORNA] if the victim . . . was at least 13 years old and the offender was not more than 4 years older than the victim." *Id.* § 16911(5)(C). This appeal presents the following question of statutory interpretation: what does it mean, for SORNA purposes, for an offender to be "no more than 4 years older than" a victim?

Jay Black pleaded guilty to one count of sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. § 2243(a). The following facts regarding the conviction are uncontested: (1) the sex act was consensual; (2) at the time of the sex act, Black was 18 and the victim was 14[1]; and (3) a comparison of Black's and the victim's birthdays demonstrated Black was 55 months older than the victim. At sentencing, Black claimed he was not required to register as a sex offender under SORNA because his conduct fell within the terms of § 16911(5)(C). Using what he asserted was the colloquial or ordinary

---

[1]That is, in common parlance, Black had not yet completed 19 whole years of life and the victim had not yet completed 15 whole years of life.

understanding of age, Black argued the age difference between him and the victim must be figured by subtracting the integers representing completed years of life, without regard for the number of months or days separating their dates of birth. Subtracting the victim's 14 years of completed life from his 18 years of completed life resulted, according to Black, in a 4-year age difference, an age difference within the parameters of the exception set out in § 16911(5)(C). The district court rejected Black's assertion and concluded § 16911(5)(C) requires a comparison of the birth dates of the offender and victim to determine the relevant age difference. Black appeals.

Joining the only other circuit to consider this question, we conclude "not more than 4 years older than the victim" means no more than 1461 days or 48 months separate the birthdays of the sex offender and the victim. *United States v. Brown*, 740 F.3d 145, 149 (3d Cir. 2014) (quotation omitted). Because more than 48 months separate Black's and the victim's birthdays, the district court correctly ordered Black, as a condition of supervised release, to comply with SORNA's registration provisions. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** the order of the district court.[2]

_____

[2]The government asserts Black has waived his right to appeal this issue. This court has determined, however, that appeal waivers do not affect our constitutional or statutory jurisdiction. *United States v. Hahn*, 359 F.3d 1315, 1320-24 (10th Cir. 2004) (en banc). Because Black's SORNA claim fails on the merits, this court exercises its discretion to bypass the relatively complex waiver issue and resolve Black's appeal on the merits. *See Lemke v. Ryan*, 719 F.3d

(continued...)

-3-

## II. DISCUSSION

On appeal, Black asserts the district court erred when it concluded the exemption provision set out in § 16911(5)(C) unambiguously requires a comparison of the offender's and victim's birth dates to determine whether the offender is "not more than 4 years older than the victim," rather than a comparison of the number of whole years lived by the offender and victim. Alternatively, he asserts § 16911(5)(C) is sufficiently ambiguous so as to trigger the applicability of the rule of lenity. Questions of statutory interpretation and applicability of the rule of lenity are legal matters reviewed de novo. *United States v. Handley*, 678 F.3d 1185, 1189 (10th Cir. 2012) (statutory interpretation); *United States v. Michel*, 446 F.3d 1122, 1135 (10th Cir. 2006) (rule of lenity).

In addressing the exact same question before this court, the Third Circuit held as follows:

> The dispositive question before us is what is meant by the word "years" in 42 U.S.C. § 16911(5)(C). The District Court decided that the use in that statute of the phrase "more than 4 years older than the victim" is "susceptible to more than one reasonable interpretation," but we disagree.
>
> "[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). When words are not defined within the statute, we construe them "in accordance with

---

²(...continued)
1093, 1098-99 (9th Cir. 2013); *United States v. Caruthers,* 458 F.3d 459, 472 & n.6 (6th Cir. 2006); *United States v. Cupit*, 169 F.3d 536, 539 (8th Cir. 1999).

[their] ordinary or natural meaning." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). We do not, however, do so blindly.

> [F]requently words of general meaning are used in a statute . . . and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.

*Holy Trinity Church v. United States*, 143 U.S. 457, 459 (1892). In such cases, resorting to dictionary definitions may be helpful. *See MCI Telecomm. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 225 (1994) . . . . Ultimately, though, "[a]mbiguity is a creature not of definitional possibilities but of statutory context," *Brown v. Gardner*, 513 U.S. 115, 118 (1994), so the touchstone of statutory analysis should, again, be the statute itself.

. . . In common usage, a year means 365 consecutive days (except, of course, when a leap year adds a day) or 12 months. *See, e.g.*, Black's Law Dictionary 1754 (9th ed. 2009) ("A consecutive 365-day period beginning at any point."). We therefore conclude that the term "4 years" is not ambiguous: it is quite precisely 1,461 days or 48 months. While the word "years" on its own or in some colloquial usage could perhaps be thought ambiguous, the word is not floating in abstract isolation or casual conversation here; it is set in the specific terms of a specific statute, and it has a discernible meaning in that context. "[M]ore than 4 years" means anything in excess of 1,461 days.

Considering "years" to mean whole years only . . . would lead to strange results in the application of SORNA. The government rightly notes that using the colloquial method of calculating whether an offender was more than 4 years older than his victim would create alternating windows of time in which the same offense involving the same two participants sometimes would require registration under SORNA and sometimes [would] not, depending upon the time of the year their sexual congress took place. In other words, if we take Brown's Florida offense as an example and we were to assume that Brown's date of birth was May 1, 1984, and his victim's date of birth

was September 1, 1988—exactly four years and four months later—Brown would only need to register under SORNA if he had been convicted of having sexual contact with her at any point between May 1st through August 31st of any year between 2002 and 2004, when he was "colloquially" five years older, but he would not need to register for a conviction involving the same conduct at other times. That cannot be the law.

The District Court expressed concern that considering "4 years" literally as an accumulation of lesser units of time could "require a calculation down to the month, day, hour, minute, or even second in order to calculate the difference in age between a defendant and victim." But demanding some precision . . . is more sound than the conclusion that no one is "more than 4 years older" than someone else unless he is actually five years older.

*Brown*, 740 F.3d at 149-50 (quotations, footnotes, and record citations omitted).

This court concludes the Third Circuit's analysis is entirely convincing and hereby adopts it as our own. We do note, however, an additional compelling reason to reject the reading of § 16911(5)(C) advanced by Black. Black's construction of SORNA could have an untoward collateral impact on the interpretation of substantive federal criminal provisions. For instance, the statute underlying Black's statutory rape conviction contains an element remarkably similar to the language at issue in this case. That is, the federal statutory rape provision only applies if the victim is between 12 and 16 and is "at least four years younger than the" offender. 18 U.S.C. § 2243(a). Under Black's view—that such provisions must be interpreted consistent with the colloquial understanding of whole years of aging—this substantive criminal provision could reach defendants who were no more than three years and one day older than a

sexual partner. That is, sex between a victim aged 14 years and 364 days and a defendant on the defendant's eighteenth birthday would fall within the rubric of § 2243(a).[3] Thus, while potentially narrowing the class of individuals required to register under SORNA, Black's interpretation of statutory provisions like § 16911(5)(C) could substantially broaden the instances of sexual conduct subject to substantive criminal penalty. It simply cannot be reasonably argued that Congress intended substantive criminal liability to attach to a random and somewhat meaningless "whole year" age analysis, rather than a straight-forward calculation as to the number of months (or days) that passed between the birth of the perpetrator and the birth of the victim.

Finally, this court's conclusion that § 16911(5)(C) cannot reasonably be read to adopt a whole-year method of comparing the ages of the perpetrator and the victim renders the rule of lenity inapplicable. After all, "[t]he simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." *Dean v. United States*, 556 U.S. 568, 577 (2009) (quotation omitted). Instead, "[t]o invoke the

---

[3]There could be similar collateral impacts on other criminal provisions. For instance, federal law classifies as first degree murder any killing " perpetrated as part of a pattern or practice of assault or torture against a child or children." 18 U.S.C. § 1111(a). A child is "a person who has not attained the age of 18 years and is . . . at least six years younger than the perpetrator." *Id.* § 1111(c)(2). Likewise, the federal aggravated sexual abuse statute applies where the victim is not yet 16 and "is at least 4 years younger than the" perpetrator. 18 U.S.C. § 2241(c).

rule, we must conclude that there is a grievous ambiguity or uncertainty in the statute." *Id.* (quotation omitted). For those reasons set out above, this court has no difficulty concluding the type of grievous ambiguity necessary to implicate the rule of lenity is not present in this case.

## III. CONCLUSION

The order of the district court requiring Black to comply with SORNA's registration requirements as a condition of supervised release is hereby **AFFIRMED**.