PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

MARCOS GARCIA-RAMIREZ,
a/k/a Marco Garcia,

       Defendant - Appellant.

No. 14-1383

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:14-CR-00121-RM-1)**

Submitted on the motion and response:[*]

Virginia L. Grady, Federal Public Defender, Jill M. Wichlens, Assistant
Federal Public Defender, Chief, Appellate Division, Denver, Colorado, for
Defendant - Appellant.

John F. Walsh, United States Attorney, Catherine Gleeson, Special Assistant United
States Attorney, Denver, Colorado, for Plaintiff - Appellee.

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **McHUGH**, Circuit Judges.

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument.

**PER CURIAM**.

_____

After entering into a plea agreement that included an appeal waiver, Marcos Garcia-Ramirez pleaded guilty to one count of illegal reentry to the United States. He was sentenced to 19 months' imprisonment. Despite the appeal waiver, Mr. Garcia-Ramirez has filed a notice of appeal in which he challenges his sentence as "unreasonable." Dktg. Stmt. at 4. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Garcia-Ramirez does not dispute any of the *Hahn* factors. Instead, in a single sentence citing *United States v. Black*, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014), he urges this court to "exercise [its] discretion to bypass any decision on whether to enforce an appeal waiver, and . . . instead proceed to the merits of the appeal." Resp. at 1.

Mr. Garcia-Ramirez's argument is based on a misreading of *Black*. It was appropriate to bypass resolution of the waiver issue in *Black* because (1) the waiver

issue was relatively complex, (2) the government had briefed the merits,[1] and (3) Black's appellate argument clearly failed. Because this court was able to determine there was no merit to Black's substantive claim, the appeal could be affirmed without devoting judicial resources to decide the waiver issue. In short, *Black* merely addressed a matter of judicial economy in deciding cases, it signaled no change in our appeal waiver jurisprudence.

In addition to misreading *Black*, Mr. Garcia-Ramirez cites no authority for the proposition that this court could grant him relief on the merits of his claim *without first resolving the waiver issue in his favor*. And on this issue, Mr. Garcia-Ramirez fails to discuss any of the *Hahn* factors or otherwise argue that the waiver should not be enforced. Last, under these circumstances it would be wrong to forgo resolution of the motion to enforce and require briefing on the merits. To do so would deprive the government of a key benefit of its plea bargain, which the preliminary motion-to-enforce protocol in *Hahn* was designed to protect. *See Hahn*, 359 F.3d at 1328.

The motion to enforce is granted, and this appeal is dismissed.

---

[1] The government first moved to enforce the appeal waiver in its answer brief, which also addressed the merits.