FILED
United States Court of Appeals
Tenth Circuit

February 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ESTEBAN OLIVAS-LASOS,
a/k/a Estefan Olivas-Lasos,
a/k/a Isidro Carillo-Frausto,

Defendant - Appellant.

No. 14-1372
(D.C. No. 1:13-CR-00497-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.


Esteban Olivas-Lasos entered into a plea agreement that included an appeal

waiver. He pleaded guilty to illegal re-entry of a previously deported alien following

an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2) and was

sentenced to thirty months in prison. Despite his appeal waiver, he filed a notice of

appeal. The government has moved to enforce the waiver under *United States v.*

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  We grant the motion and dismiss the appeal.

In considering a motion to enforce an appeal waiver, *Hahn* directs us to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id*. at 1325.  A miscarriage of justice occurs if (1) "the district court relied on an impermissible factor such as race"; (2) there was "ineffective assistance of counsel in connection with the negotiation of the waiver," making it invalid; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful."  *Id*. at 1327 (internal quotation marks omitted); *see also United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) ("This list is exclusive:  enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above."  (internal quotation marks omitted)).

Mr. Olivas-Lasos does not deny that this appeal is within the scope of the appeal waiver or that he entered into the waiver knowingly and voluntarily.  He, instead, argues that the waiver will result in a miscarriage of justice because his sentence is substantively unreasonable due to the use of a twenty-two-year-old prior conviction to triple his offense level and to assign him three criminal history points.  Although he does not enumerate which of the four miscarriage-of-justice bases

applies, we assume that he is claiming that the appeal waiver is otherwise unlawful. "To be otherwise unlawful, an error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Smith*, 500 F.3d 1206, 1212 (10th Cir. 2007) (brackets omitted) (internal quotation marks omitted).

Mr. Olivas-Lasos's substantive-unreasonableness-of-his-sentence argument does not fit within the otherwise-unlawful category of a miscarriage of justice. That category allows us to consider only whether the *waiver* is otherwise unlawful, not whether there may be legal error with the sentence. *See id.* at 1212-13.

Mr. Olivas-Lasos also argues that this court "has the inherent authority [to] resolve an appeal on its merits, despite an appeal waiver." Resp. at 7-8. To support his argument, he cites to *United States v. Black*, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014), which declined to engage in an appeal-waiver analysis and instead resolved the appeal on its merits. We, however, recently distinguished *Black* and declined to apply it in an appeal-waiver case. *See United States v. Garcia-Ramirez*, ___ F.3d ___, 2015 WL 676802, at *1 (10th Cir. Feb. 18, 2015) (per curiam). In doing so, we determined that

> [i]t was appropriate to bypass resolution of the waiver issue in *Black* because (1) the waiver issue was relatively complex, (2) the government had briefed the merits, and (3) Black's appellate argument clearly failed. Because this court was able to determine there was no merit to Black's substantive claim, the appeal could be affirmed without devoting judicial resources to decide the waiver issue. In short, *Black* merely addressed a matter of judicial economy in deciding cases, it signaled no change in our appeal waiver jurisprudence.

*Id.* (footnote omitted).  Like the *Garcia-Ramirez* appeal, Mr. Olivas-Lasos's appeal presents no compelling matter of judicial economy warranting a by-pass of the *Hahn* appeal-waiver analysis.  The waiver issue, as noted above, is not complex, and the government has not briefed the merits of a substantive-reasonableness argument. Under the circumstances of this case, we will not exercise our discretion to decide the merits of Mr. Olivas-Lasos's substantive-reasonableness argument.

Accordingly, the motion to enforce is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam