**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE LOYA-RAMIREZ, a/k/a Primo,

    Defendant - Appellant.

No. 18-1100
(D.C. No. 1:15-CR-00272-REB-13)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

A jury found Jorge Loya-Ramirez guilty of one count of conspiring to distribute

and to possess with intent to distribute methamphetamine or cocaine, *see* 21 U.S.C.

§§ 841(a)(1), 846; three counts of distributing and possessing with intent to distribute

methamphetamine, *see* § 841(a)(1); one count of distributing and possessing with intent

to distribute cocaine or methamphetamine, *see id.*; and three counts of using a

communication facility in furtherance of a drug-trafficking crime, *see* 21 U.S.C. § 843(b).

On appeal, Loya-Ramirez argues he is entitled to a new trial based on two

statements the government made during the rebuttal portion of its closing argument. But

---

[*] This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Loya-Ramirez didn't object to these comments below. Thus, we may reverse only if he demonstrates these comments satisfy our plain-error test. He fails to make this showing. Although the government concedes its first statement was improper, Loya-Ramirez fails to establish this error affected his substantial rights. And the government's second comment wasn't error at all. Instead, it was a permissible response to statements that defense counsel made during his closing argument. Accordingly, we affirm.

## Background

The government indicted Loya-Ramirez after law enforcement stopped a vehicle he was driving and discovered cocaine and methamphetamine in a compartment hidden behind the vehicle's glove box. During Loya-Ramirez's ensuing seven-day jury trial, the government presented compelling evidence of his involvement in the underlying drug-trafficking conspiracy. This evidence included (1) surveillance video and testimony demonstrating that Loya-Ramirez was present when another member of the conspiracy created the vehicle's hidden compartment; (2) recordings of phone calls between Loya-Ramirez and other members of the conspiracy; (3) text messages from Loya-Ramirez in which he discussed collecting drug money and delivering drugs; and (4) the testimony of four of Loya-Ramirez's coconspirators, who all described Loya-Ramirez's considerable involvement in the drug trade.

Nevertheless, the government didn't call all the remaining members of the conspiracy to testify at trial. And defense counsel pointed out as much during his closing argument. In particular, defense counsel complained that although the government relied

in part on a phone call between Loya-Ramirez and coconspirator Juan Carlos Amaya, the government "didn't get [Amaya] to come and testify." App. vol. 2, 344.

In rebuttal, the government conceded that the jury didn't "hear[] from" all "28 people in the conspiracy." *Id.* at 355. But the government then attempted to explain why its failure to call all 28 coconspirators—including Amaya—wasn't indicative of any weaknesses in the government's case. Specifically, the government stated, "There's many reasons a person may not cooperate [with the government]. They may exercise their right to trial. They may simply be guilty and get acceptance of responsibility. They may fear having to testify." *Id.* at 355–56. Notably, defense counsel didn't object to these remarks. Nor did defense counsel object when the government subsequently asserted, in the penultimate statement of its rebuttal argument, "Ladies and gentlemen, this defendant is guilty, and everybody in the courtroom knows it." *Id.* at 358.

The jury found Loya-Ramirez not guilty on one count of the indictment but convicted him on the remaining nine charges. The district court then sentenced Loya-Ramirez to life in prison. Loya-Ramirez now appeals.

**Analysis**

On appeal, Loya-Ramirez argues the government committed prosecutorial misconduct by (1) opining, "Ladies and gentlemen, this defendant is guilty, and everybody in the courtroom knows it" and (2) stating, "You haven't heard from everybody in the conspiracy. There's [sic] 28 people in the conspiracy." *Id.* at 355, 358. Loya-Ramirez asserts that the first of these two remarks improperly expressed a personal opinion about his guilt and also commented on facts not in evidence. *See United States v.*

3

*Young*, 470 U.S. 1, 16–18 (1985) (noting that prosecutors must refrain from expressing their "personal opinion[s] concerning the guilt of the accused"); *United States v. Latimer*, 511 F.2d 498, 503 (10th Cir. 1975) (concluding that prosecutor "violated [a] fundamental rule[]" by making remarks that "went outside the record"). And Loya-Ramirez contends the government's second statement constitutes an impermissible comment on his decision to exercise his Fifth Amendment rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976) (explaining that prosecutors must refrain from suggesting jury "may treat the defendant's silence as substantive evidence of guilt").

The government candidly concedes that its first comment was indeed improper. *See Young*, 470 U.S. at 16–18. But that doesn't mean we must—or even may—reverse Loya-Ramirez's convictions. On the contrary, as Loya-Ramirez recognizes, his failure to object to the government's remark triggers plain-error review. *See United States v. Anaya*, 727 F.3d 1043, 1053 (10th Cir. 2013). And under our test for plain error, it's not enough for Loya-Ramirez to demonstrate that the government's statement was improper, or even that its statement was "plainly" so. *Id.* (quoting *United States v. Fleming*, 667 F.3d 1098, 1103 (10th Cir. 2011)); *see also United States v. Taylor*, 514 F.3d 1092, 1100 (10th Cir. 2008) (noting that error is only "plain" for purposes of plain-error test if it is "contrary to well-settled law"). Instead, in addition to showing that (1) an error occurred and (2) the error was plain, Loya-Ramirez must *also* show that (3) the error affected his substantial rights, i.e., there exists "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different," and (4) the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."

*Fleming*, 667 F.3d at 1103, 1106 (first quoting *United States v. Mendoza*, 543 F.3d 1186, 1194 (10th Cir. 2008); then quoting *Taylor*, 514 F.3d at 1100).

Critically, when a defendant lodges a timely objection to a prosecutor's remarks, it is the government that "bears the burden of proving [the remark was] harmless beyond a reasonable doubt." *Id.* at 1103. But when a defendant fails to make such an objection—as Loya-Ramirez did here—he or she bears the burden of showing prejudice under the third prong of the plain-error test. *See id.* Yet Loya-Ramirez makes no attempt to shoulder that burden. Instead, he suggests that the government's statement is so egregiously improper that we should reverse without regard for whether that error resulted in actual prejudice.

This we cannot do. *See Young*, 470 U.S. at 7, 12 (noting that to determine whether prosecutor's improper statements warrant reversal under plain-error test, reviewing court must "examine[]" those statements "within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error"). Instead, we may reverse only if Loya-Ramirez shows that, in light of "the entire record," the government's improper statement prejudiced him. *Id.* at 15 & n.12, 16 (citing Fed. R. Crim. P. 52(b)); *see also United States v. Christy*, 916 F.3d 814, 824 (10th Cir. 2019) (explaining that to assess prejudice in this context, we "must weigh any improper comments against the strength of the evidence against the defendant").

Here, Loya-Ramirez fails to make (or even attempt to make) a showing of actual prejudice in his opening brief. Thus, he has waived any argument on this point. *See* Fed. R. App. P. 28(a)(8)(A); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's

5

requirements). What's more, the government's response brief both identified the deficiencies in Loya-Ramirez's opening brief and mounted a compelling argument for finding that in light of the overwhelming evidence of Loya-Ramirez's guilt, its improper comment was harmless. Even then, Loya-Ramirez failed to file a reply brief. Accordingly, he has likewise "waive[d], as a practical matter anyway," any non-obvious responses to the government's harmlessness analysis. *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994).

Further, even if we wished to overlook Loya-Ramirez's deficient briefing and sua sponte review the entire record to determine whether the government's improper comment affected his substantial rights, Loya-Ramirez's failure to comply with this court's local rules would frustrate that endeavor; he has provided us with transcripts from only two days of his seven-day jury trial. *See* 10th Cir. R. 10.4(A) ("Counsel must designate a record on appeal . . . that is sufficient for considering and deciding the appellate issues."); *id.* at 10.4(B) ("When the party asserting an issue fails to provide a record or appendix sufficient for considering that issue, the court may decline to consider it."); *United States v. Randall*, 661 F.3d 1291, 1297 n.2 (10th Cir. 2011) (noting that appellant's failure to designate sufficient record is "grounds for our refusal to consider" appellant's arguments).[1]

---

[1] The government eventually filed a supplemental appendix containing the remaining trial transcripts. But this didn't relieve Loya-Ramirez of his duty to comply with Rule 10.4(A). Nor does it render inapplicable Rule 10.4(B). *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1190 (10th Cir. 2018) ("While we are permitted to look at the record as a whole, including the supplemental appendix submitted by [appellee], nothing requires us to look past the appendix submitted by [a]ppellants.").

In short, "when addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against *the entire record*." *Young*, 470 U.S. at 16 (emphasis added). Indeed, despite Loya-Ramirez's assertions to the contrary, "[i]t is simply not possible for an appellate court to assess the seriousness of the claimed error by any other means." *Id.* But here, Loya-Ramirez neither provides us with "the entire record" nor makes any meaningful prejudice argument based on the limited record he does provide. *Id.* Thus, we could decline to address whether the government's improper comment expressing an opinion about his guilt warrants reversal under our plain-error test. *See* 10th Cir. R. 10.4(A), (B); *Randall*, 661 F.3d at 1297 n.2; *Bronson*, 500 F.3d at 1104.

Nevertheless, because the government has provided us with both the record we need to resolve this waived argument and an adequate analysis of that record, we elect instead to consider Loya-Ramirez's plain-error argument on the merits. *See United States v. Black*, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014) (noting our discretion to resolve waived arguments). To support its argument as to the third prong of the plain-error analysis, the government points out that we recently concluded a defendant failed to show the government's improper comments affected her substantial rights where (1) "the inculpatory evidence against [the defendant] was overwhelming"; (2) the district court implicitly "instructed the jurors to disregard the prosecutor's comments" by, e.g., explaining the attorneys' statements and arguments weren't evidence; (3) the jury acquitted the defendant on some counts, thus indicating it followed the court's instructions and fairly judged the evidence; and (4) the prosecutor made the improper

7

comments in the context of a "six-day trial [that] produced approximately 1,000 pages of transcribed testimony from 14 witnesses." *Christy*, 916 F.3d at 840–42.

The same four factors compel the same result here. First, the evidence against Loya-Ramirez was overwhelming: in addition to the fact that law enforcement discovered illegal drugs in a vehicle he was driving, the government also presented evidence of his guilt in the form of surveillance videos, phone calls, text messages, and the testimony of four of his coconspirators. Further, the district court implicitly instructed the jury to disregard the government's improper comment by stating, "[W]hat these attorneys say to you and show to you during their respective closing statements or final arguments . . . is not evidence and may not be used or considered by you as such." App. vol. 2, 309. Relatedly, the fact that the jury acquitted Loya-Ramirez of one count of the indictment indicates the jury followed this instruction, "pa[id] attention" to the evidence, and "weighed the facts" before it in reaching its verdict. *Christy*, 916 F.3d at 842. Finally, the government made this improper comment in the context of a seven-day jury trial that yielded hundreds of pages of testimony from more than a dozen witnesses. To be clear, "we do not condone" the government's improper comment. *Id*. But because Loya-Ramirez fails to satisfy the third prong of the plain-error test, the government's first comment doesn't warrant reversal. *See id.*

Neither does the government's second comment—i.e., its statement that the jury didn't "hear[] from" all "28 people in the conspiracy." App. vol. 2, 355. Again, Loya-Ramirez concedes this argument is subject to plain-error review. And again, Loya-Ramirez has waived any argument that this statement affected his substantial rights, both

8

by failing to make any meaningful prejudice argument and by failing to provide us with an adequate record on appeal. Nevertheless, we exercise our discretion to reach the merits of this waived argument as well. *See Black*, 773 F.3d at 1115 n.2.

Loya-Ramirez contends that by pointing out the jury didn't hear from every member of the conspiracy at trial, the government impermissibly drew the jury's attention to the fact that Loya-Ramirez himself declined to testify. *See Baxter*, 425 U.S. at 319 (noting that prosecutors must refrain from suggesting jury may "treat the defendant's silence as substantive evidence of guilt"). But as the government argues, this remark wasn't an improper comment on Loya-Ramirez's silence. Rather, it was a wholly permissible response to defense counsel's complaint that the government "didn't get [Amaya] to come and testify." App. vol. 2, 344; *see also United States v. Ivory*, 532 F.3d 1095, 1100 (10th Cir. 2008) ("If a statement by the prosecutor that might otherwise be construed as a comment on a defendant's failure to testify is a fair response to an argument by a defendant, we are unlikely to find error."). Because Loya-Ramirez fails to demonstrate this comment constitutes error, let alone plain error, we decline to reverse on this basis.

## Conclusion

The government's first comment was indeed improper. But because Loya-Ramirez fails to demonstrate this comment affected his substantial rights, he is not entitled to reversal under our plain-error test. And Loya-Ramirez fails to demonstrate that the

government's second comment amounted to error at all. Accordingly, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge