**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HANK SALLEE WILLIAMS,

    Defendant - Appellant.

No. 24-5126
(D.C. No. 4:24-CR-00080-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **FEDERICO**, Circuit Judges.
_____

Hank Sallee Williams pled guilty under a plea agreement to distribution of

fentanyl to a minor, who died from fentanyl toxicity.[1]  He appeals his sentence, arguing

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The indictment charged Mr. Williams with (1) Distribution of Fentanyl Resulting in Death in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (2) Distribution of Fentanyl to a Minor in violation of 21 U.S.C. § 859(a); and (3) Use of a Communication Facility in Committing, Causing, and Facilitating the Commission of a Drug Trafficking Felony in violation of 21 U.S.C. §§ 843(b), (d)(1).

the sentencing judge was biased against him and should have recused.  Exercising

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

1. **Sentencing**

The plea agreement included a stipulated sentencing range of 120 to 360 months

in prison.[2]  At sentencing, the district court heard from the minor's relatives and friends,

commended them for their courage, and recognized their grief.  The Government

requested a high-end sentence to achieve deterrence.  Mr. Williams requested 10 years,

pointing to his addiction struggles and expressing remorse.

The district court considered the 18 U.S.C. § 3553(a) sentencing factors.  It

referenced the minor's vulnerability, the need to protect the public, and the need to send a

national and local message about selling fentanyl to minors.  The court sentenced

Mr. Williams to 360 months in prison followed by six years of supervised release.

---

[2] The plea agreement also included an appeal waiver, which the Government moved to enforce.  We have discretion to bypass the waiver issue when an appeal "fails on the merits."  *United States v. Black*, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014); *United States v. Gonzales*, 918 F.3d 808, 811 n.1 (10th Cir. 2019).

We recently applied this principle in an appeal challenging a sentence under 28 U.S.C. §§ 455(a) and (b)(1): "Despite his appellate waiver in the plea agreement, Mr. Jackson filed a timely notice of appeal and argues that the judge's comments at the sentencing hearing were disqualifying under 28 U.S.C. § 455. . . .  We need not address whether the appeal waiver applies because, as discussed below, Mr. Jackson's appellate argument fails on the merits."  *United States v. Jackson*, No. 23-2082, 2024 WL 3385599, at *2 (10th Cir. July 12, 2024) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1); *see also United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017) ("We need not opine on the waiver issue because we conclude that, in any event, Defendants-Appellants' recusal-based argument for a new trial fails on the merits.")

We follow the same course here—bypass the waiver issue, address the merits, and affirm.

2. **Appeal Based on Bias**

On appeal, Mr. Williams argues we should vacate his sentence because the district judge's bias and his failure to recuse violated due process and 28 U.S.C. § 455(a).

Because Mr. Williams did not object on this ground in district court, we review for plain error, which requires him to show "(1) an error occurred; (2) the error was plain; (3) the error affected . . . substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Kee*, 129 F.4th 1249, 1252 (10th Cir. 2025) (quoting *United States v. Wolfname*, 835 F.3d 1214, 1217 (10th Cir. 2016)).

3. **Due Process and § 455(a) Recusal Standards**

"To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *United States v. Woodmore*, 135 F.4th 861, 873 (10th Cir. 2025) (quoting *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005)). "Recusal is required for a judge 'if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality.'" *Id.* (quoting *Nickl*, 427 F.3d at 1298). A judge's actions or comments must "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Nickl*, 427 F.3d at 1298 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *Id.* "[W]hen a judge's decisions, opinions or remarks stem from an extrajudicial

3

source—a source outside judicial proceedings," however, recusal may be required. *Woodmore*, 135 F.4th at 874 (quoting *Nickl*, 427 F.3d at 1298).

Section 455(a) states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge should recuse under § 455(a) "if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *Woodmore*, 135 F.4th at 874 (quoting *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000)). "[T]he statutory recusal standard also is 'purely objective,' and 'the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.'" *Id.* (quoting *United States v. Martinez*, 92 F.4th 1213, 1255 (10th Cir. 2024)). Courts consider whether a judge's actions or comments stem from an extrajudicial source or "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) (quoting *Liteky*, 510 U.S. at 555).[3]

---

[3] Recusal may also be required when a judge has a personal relationship with an individual involved in the case or a personal connection to the case. *See Williams v. Pennsylvania*, 579 U.S. 1, 11 (2016) (judge's "authorization to seek the death penalty" against defendant when he served as a prosecutor constituted "significant, personal involvement" and "failure to recuse . . . presented unconstitutional risk of bias.").

Although the due process and § 455(a) standards are similar,[4] the Supreme

Court has noted that "[b]ecause the codes of judicial conduct provide more protection

than due process requires, most disputes over disqualification will be resolved

without resort to the Constitution." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S.

868, 890 (2009).

4. **Analysis**

We discern no due process or § 455(a) error, let alone an error that is plain.

Mr. Williams does not argue that the sentencing judge relied on extrajudicial

information or had a personal connection to the victim or case.  Instead, he contends

that statements of sympathy and commending the minor's friends and family for

speaking "would cause a reasonable person to question his impartiality."  Aplt. Br.

at 19, 27.  We disagree.  "Expressing sympathy for the victims' plight . . . in no way

implies that the district court judge could not and did not impartially impose a

sentence."  *United States v. Rangel*, 697 F.3d 795, 804-05 (9th Cir. 2012).  Here, the

judge's description of the harm to the minor did not show bias.  "It is the court's

prerogative, if not its duty, to assess the defendant's character and crimes at

sentencing."  *Pearson*, 203 F.3d at 1278.

Further, the judge's statements were not comparable to judicial comments

found to "reveal such a high degree of favoritism or antagonism as to make fair

---

[4] In *Woodmore*, as here, we identified the substantially overlapping standards for recusal based on judicial bias under the Due Process Clause and § 455(a). 135 F.4th at 873-74.

judgment impossible." *Nickl*, 427 F.3d at 1298 (quoting *Liteky*, 510 U.S. at 555).[5]

Although the sentencing judge "was at times critical or disapproving" of

Mr. Williams, he "did not display a deep-seated antagonism which would make fair

judgment impossible." *Nickl*, 427 F.3d at 1299.

Finally, Mr. Williams has not shown that any error was plain.  He offers no

Supreme Court or Tenth Circuit case holding that judicial expressions of sympathy

for a victim or of a national need for deterrence demonstrates judicial bias.  His

out-of-circuit cases fare no better.

5. **Conclusion**

We affirm Mr. Williams's sentence.


Entered for the Court



Scott M. Matheson, Jr.
Circuit Judge

---

[5] As an example, the Supreme Court noted a district judge's comments in "a World War I espionage case against German-American defendants: 'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555.

In an unpublished case, we held a judge's comments appearing to link a defendant's Hispanic "ethnicity with a propensity to lie" would cause "a reasonable person to harbor doubts about his impartiality." *United States v. Franco-Huillen*, 196 F. App'x 716, 718-19 (10th Cir. 2006) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1).